■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDDY ROSADO, Appellant.—Judgment of the Supreme Court, New York County (Jerome Marks, J., at motion to suppress physical evidence; Eve Preminger, J., at jury trial and sen-

tence), rendered on May 28, 1987, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent indeterminate terms of 4½ to 9 years' imprisonment, is unanimously affirmed.

Undercover Police Officer Gonzalez encountered defendant standing on the corner of 85th Street and Amsterdam Avenue, and she followed him to 206 West 85th Street. There, defendant removed two vials from a cigarette box that had been lying on a ledge, and sold them to the undercover officer for $20. When the officer returned to her car, she radioed a description of defendant to Officer Walker. Walker wrote down the description given by Officer Gonzalez and then drove to the scene. There Officer Walker held defendant while Gonzalez drove by. Walker later recovered the cigarette package from the steps of the nearby building. The package contained more crack.

On appeal, defendant argues that Walker's failure to preserve her contemporaneous notes of Gonzalez's description warrants a reversal and dismissal of the indictment, or in the alternative, a new trial at which Gonzalez's showup identification should be excluded. Defendant is entitled to neither request for relief. Walker's scratch notes were *Rosario* material *(People v Martinez,* 71 NY2d 937, 939), but counsel's motion at the hearing to suppress physical evidence to strike Walker's testimony "with respect to the description that she testified to" is an insufficient basis on which to apply the drastic remedy *(cf., People v Haupt,* 71 NY2d 929, 930-931) of dismissal of the indictment.

Likewise, the application at the hearing did not preserve defendant's alternative request for relief. Counsel did alert the hearing court that he was protesting the *Rosario* violation, but the obvious focus of his motion was that portion of Walker's testimony that the People needed to support defendant's arrest. Counsel did not alert the court that he was concerned with the testimony insofar as it had any relation to Gonzalez's ability to identify defendant. And to the extent that the missing notes had a bearing on the jury's assessment of the identification by Gonzalez at trial, it is significant that defense counsel, on cross-examination and later in summation, noted the absence of the note and argued that the police were responsible for preserving the evidence *(cf., People v Haupt, supra).*

We also conclude that the failure of the court to impose a

sanction, to strike Walker's hearing testimony about the description, had no significant impact on the identification issue that defendant pressed at trial and now on appeal. Gonzalez's trial testimony establishes that defendant's arrest was supported by probable cause. In this connection, consideration of Gonzalez's trial testimony is not barred by *People v Dodt* (61 NY2d 409). Defendant on appeal does not contest the court's ruling denying suppression of the physical evidence, and we thus can consider Gonzalez's testimony to show that the failure to apply a sanction had no impact on the trial. Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.