OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and a new trial ordered.
Defendant has been convicted of criminal sale of a controlled substance, third degree. At trial, the undercover officer testified that he wrote defendant’s description as he was broadcasting it over the police radio, and the arresting officer stated that he recorded the description as he was receiving *955 that broadcast. The undercover officer further testified that he performed a postarrest "drive by” identification of defendant; that he made two subsequent drug purchases; and that he prepared "buy” reports on all three drug purchases later that evening. Both officers admitted that they discarded the written descriptions following defendant’s arrest.
On this appeal, we do not consider whether the notes actually constitute Rosario material because the People do not dispute that point (see, People v Haupt, 71 NY2d 929; People v Gilligan, 39 NY2d 769). Similarly, the People do not contend that the officers exercised due care in preserving these notes. Rather, their sole argument here is that defendant was not prejudiced by the discarding of this material and we limit our review to that question.
Under the facts of this case defendant was impermissibly prejudiced. The written descriptions would have been helpful to defendant in cross-examining the officers, given the importance of the identificátion issue in the case, and the arresting officer’s testimony on direct examination that he wrote down a description of defendant as it came over the radio. The undercover officer’s claim that he incorporated the description of defendant into his "buy” report did not alleviate that prejudice. There is no way to know whether the description contained in the "buy” report matched those contained in the lost notes. This concern seems especially apt considering that the "buy” report was prepared after the defendant’s arrest, and after the undercover officer had performed a confirmatory "drive by” identification.
In these circumstances, the trial court should have imposed a sanction. Where the People fail to exercise due care in preserving Rosario material, and defendant is prejudiced thereby, "the [trial] court must impose an appropriate sanction” (People v Martinez, 71 NY2d 937, 940 [emphasis added]). Although the trial court had discretion to determine the specific sanction to be imposed (see, People v Kelly, 62 NY2d 516, 521), it was an abuse of discretion to decline to impose any sanction where, as here, defendant was prejudiced.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.