■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DIAZ, Also Known as JOSE DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered February 10, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant was arrested after selling two vials of cocaine to an undercover officer. The arresting officer was waiting in his car near the location of the sale. After receiving a communication over his radio from the undercover officer, the arresting officer jotted down a description of the seller on a piece of paper. The arresting officer then proceeded to the sale location, waited for a confirmatory identification from the undercover officer, and then placed the defendant under arrest. The arresting officer then searched the defendant and placed the moneys recovered from his person in an envelope. On the envelope, the arresting officer marked the defendant's name or identifying information, and the time and place of the arrest. Some time later at the precinct, the arresting officer transferred the information on the piece of paper and envelope to a "buy corroboration report" and a "precinct voucher" and the piece of paper and envelope were discarded.

Under the circumstances of this case, we find that the defendant is entitled to a new trial because the trial court abused its discretion by denying the defendant's requests for the imposition of sanctions based on the arresting officer's failure to preserve the piece of paper and envelope, which constituted *Rosario* material *(see, People v Wallace,* 76 NY2d 953). Under the principles enunciated in *Wallace* involving a

similar fact pattern, the defendant herein was impermissibly prejudiced by the destruction of the *Rosario* material. That material would have been helpful to his counsel in cross-examining the arresting officer, given the importance of the identification issue in the case. Further, the incorporation of the information into the subsequent reports did not alleviate the prejudice since it cannot be determined whether the information contained in the reports matched what was contained in the discarded documents. This factor is especially important since "the 'buy' [corroboration] report was prepared after the defendant's arrest, and after the undercover officer had performed a confirmatory * * * identification" *(People v Wallace, supra,* at 955), and the arresting officer testified that while he could not recall if he had recovered any other prerecorded money from possible arrests occurring before the defendant's arrest, if such arrests had occurred and he had recovered prerecorded buy money, he would have placed that money in the same envelope with the money he had recovered from the defendant. The People's attempt to distinguish *People v Wallace (supra),* from this case on the basis of the type of sanction requested by the defendant in each of the cases is unpersuasive. Contrary to the People's contention, defendant's counsel did unsuccessfully request a "negative inference" charge based on the destruction of the *Rosario* material, after his motion for the imposition of other sanctions was denied. In any event, the Court of Appeals clearly indicated that " 'the trial court *must* impose an appropriate sanction' " under the circumstances herein and "[a]lthough the trial court had discretion to determine the specific sanction to be imposed * * * it was an abuse of discretion to decline to impose any sanction where, as here [the] defendant was prejudiced" *(People v Wallace, supra,* at 953; *see, People v Martinez,* 71 NY2d 937, 940).

The defendant's other contentions, including those raised in his supplemental *pro se* brief, are either without merit or unpreserved for appellate review (CPL 470.05 [2]) and we decline to review them in the exercise of our interest of justice jurisdiction. Sullivan, J. P., Lawrence, Rosenblatt and Miller, JJ., concur.