■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

TERENCE JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 9, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was arrested after allegedly selling two vials of cocaine to an undercover officer. The officer, who testified as to the description of the individual from whom she had purchased the cocaine, and made an in-court identification of the defendant as that individual, admitted that she had intentionally destroyed her contemporaneous notes of that description after she had transferred the notes to her official police reports. However, the defendant's motion to strike the undercover officer's testimony concerning the description was denied by the court, as was his request for an adverse inference charge.

Under the circumstances of this case, we find that the defendant is entitled to a new trial. The trial court abused its discretion when it denied the defendant's requests for the imposition of a sanction based on the undercover officer's failure to preserve her notes, which constituted *Rosario* material *(see, People v Wallace,* 76 NY2d 953; *People v Diaz,* 169 AD2d 776). Under the principles enunciated in *Wallace* and *Diaz* involving similar fact patterns, the defendant herein was impermissibly prejudiced by the destruction of the *Rosario* material. That material might have been helpful to his counsel in cross-examining the undercover officer, given the importance of the identification issue in the case. Further, the incorporation of the information into the subsequent reports did not alleviate the prejudice, since it cannot be determined whether the information contained in the reports matched that contained in the destroyed notes. This factor is especially important since the official reports were prepared after the defendant's arrest. In *Wallace,* the Court of Appeals clearly indicated that " 'the [trial] court *must* impose an appropriate sanction' " under the circumstances herein and "[a]lthough the trial court had discretion to determine the specific sanction to be imposed * * * it was an abuse of discretion to decline to impose any sanction where, as here [the] defendant was prejudiced" *(People v Wallace, supra,* at 955; *see, People v Martinez,* 71 NY2d 937, 940).

In view of the foregoing determination, we do not reach the

defendant's other contentions. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.