THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL GAMBLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered March 15, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a

new trial is ordered. No questions of fact have been raised or considered.

The defendant was arrested after selling two vials of cocaine to an undercover officer during a "buy and bust" operation. The Sergeant who supervised this operation testified at the trial that he took notes of the operation and that he used these notes to fill out a "Daily Activity Report". He later discarded these notes. He testified that the notes contained some information not included in the "Daily Activity Report", and that he did not remember whether the notes contained the description that he received from the undercover officer.

We find that under the circumstances of this case, the defendant is entitled to a new trial because the trial court abused its discretion in failing to grant the defendant's request for the imposition of sanctions for the Sergeant's failure to preserve his notes, which constituted *Rosario* material *(see, People v Wallace,* 76 NY2d 953; *People v Diaz,* 169 AD2d 776). The information contained in the notes might have been helpful to the defendant's counsel in cross-examining the Sergeant since identification was an issue in the case and since the notes contained other information not included in the Daily Activity Report. Although the trial court had discretion to determine an appropriate sanction, it abused its discretion in failing to impose any sanction *(see, People v Wallace, supra; People v Martinez,* 71 NY2d 937).

In light of the foregoing, we do not deem it necessary to reach the defendant's remaining contentions. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.