■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVID BELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 9, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree under Indictment No. 11354/88, upon a jury verdict, and two judgments of the same court, both rendered March 9, 1989, convicting him of assault in the second degree under Indictment No. 4464/88 and criminal sale of a controlled substance in the third degree under Indictment No. 11502/88, upon his pleas of guilty, and imposing sentences.

Ordered that the judgment under Indictment No. 11354/88 is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered; and it is further

Ordered that the judgments under Indictment Nos. 4464/88 and 1502/88 are reversed, on the law, the pleas are vacated and the matters are remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was arrested for the sale and possession of cocaine during a so-called "buy and bust" operation which occurred on August 8, 1988. At a pre-trial hearing, it was adduced that the arresting officer had destroyed his handwritten notes upon which his police reports of that day's activities were based. Defense counsel requested that the trial court impose sanctions on the People, including the preclusion of the arresting officer's testimony or an adverse inference charge. The trial court declined to impose any sanction upon the People.

In our view, the trial court abused its discretion in declining to impose any sanctions on the People, as requested by the defendant, and, under the circumstances of this case, we find that he is entitled to a new trial.

In *People v Wallace* (76 NY2d 953), the Court of Appeals reversed a conviction under similar circumstances, stating:

"Under the facts of this case defendant was impermissibly prejudiced. * * * There is no way to know whether the description contained in the 'buy' report matched those contained in the lost notes. This concern seems especially apt considering that the 'buy' report was prepared after the defendant's arrest, and after the undercover officer had performed a confirmatory 'drive by' identification.

"In these circumstances, the trial court should have im-

posed a sanction. Where the People fail to exercise due care in preserving *Rosario* material, the defendant is prejudiced thereby, 'the [trial] court *must* impose an appropriate sanction' *(People v Martinez,* 71 NY2d 937, 940 [emphasis added]). Although the trial court had discretion to determine the specific sanction to be imposed *(see, People v Kelly,* 62 NY2d 516, 521), it was an abuse of discretion to decline to impose any sanction where, as here, defendant was prejudiced" *(People v Wallace, supra,* at 955; *see also, People v Jackson,* 171 AD2d 688; *People v Diaz,* 169 AD2d 776).

Accordingly, the defendant's judgment of conviction under Indictment No. 11354/88 must be reversed, and a new trial granted.

Since the defendant pleaded guilty to criminal sale of a controlled substance in the third degree and assault in the second degree under Indictment Nos. 11502/88 and 4464/88 respectively, on condition that he would receive a sentence concurrent to that imposed upon his conviction under Indictment No. 11354/88, "in order to give effect to the plea commitment", the pleas entered under Indictment Nos. 11502/88 and 4464/88 should be vacated *(People v Clark,* 45 NY2d 432, 440).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.