■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McKINNON, Appellant.—Judgment, Supreme Court, New York County (Albert Williams, J.), rendered March 30, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, and sentencing him as a predicate felon to concurrent indeterminate prison sentences of from 4-½ to 9 years, 4-½ to 9 years, and 2 to 4 years, respectively, unanimously affirmed.

During a buy and bust operation on September 18, 1989, a plainclothes officer gestured toward defendant, who was standing with William Cook and Lawrence Eaton on West 37th Street. Defendant crossed the street to the officer and asked "how many". The officer replied "three". Defendant then gestured for his two accomplices to approach, and instructed the officer to give Cook $15. Eaton gave the officer 3 vials of crack. The back-up team arrested the three men after the sale and recovered the "buy" money and over 70 vials of cocaine.

While defendant asserts his innocence, viewing the evidence in a light most favorable to the prosecution, and considering the fact that the jury's determination of credibility is entitled to great deference *(People v Patterson,* 155 AD2d 363), it is clear that defendant was an integral part of the drug deal, if not the ringleader of the group and was thus appropriately convicted of the instant crimes. Defendant claims to have at most been an agent for the undercover officer, but there is no reasonable view of the evidence which demonstrates that defendant only played such a minor role. Accordingly, the trial court appropriately refused to submit an agency defense to the jury. *(See, People v Ortiz,* 76 NY2d 446, *remittitur amended* 77 NY2d 821.) While no "buy" money or drugs were actually found on defendant after his arrest, this is not unusual under these circumstances where defendant was working as a street dealer with two other accomplices obviously seeking to avoid detection. *(See, People v Jackson,* 39 NY2d 64, 66.)

Finally, there was no defect in the court's charge on accessorial liability. There was no need for the court to define criminal facilitation, with which defendant was never charged. Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.