■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNA SANTIAGO, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.) rendered July 6, 1990, by which the defendant was convicted after jury trial, of criminal sale of a controlled substance in the third degree, and sentenced, as a second felony offender, to a term of 5½ to 11 years in prison, unanimously affirmed.

Defendant was arrested as a result of a "buy and bust" operation at 1208 Southern Boulevard in the Bronx, during which an undercover officer entered the building, encountering defendant on a landing between the first and second floors. The officer agreed to buy one vial of crack cocaine, and gave the defendant ten dollars in pre-recorded "buy" money. The defendant went up the stairs to the second floor of the building, and shortly thereafter returned and gave the officer one vial of crack and five dollars in change.

Defendant contends that the undercover officer did not have sufficient time and opportunity to observe defendant, and that his failure to radio a proper description of defendant to the arresting officers cast doubt on his identification testimony. To the contrary, the officer had ample opportunity to observe defendant while the sale was negotiated, and further, it is highly unlikely that he could have forgotten her distinctive clothing—yellow jeans, gray sweater, white sneakers. In short, the weight of the identification testimony was sufficient to sustain the conviction. *(People v Bleakley,* 69 NY2d 490.)

It is well settled that this Court need not weigh the evidence like the trier of fact, unless "based on all of the credible evidence a different finding would not have been unreasonable". *(People v Bleakley,* 69 NY2d 490, 495, *supra.)* Concur— Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.