■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS Moss, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered September 22, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was arrested after allegedly selling four vials of crack cocaine to an undercover officer. At trial, the undercover officer testified that he wrote down the description of the persons from whom he had just purchased the cocaine as he broadcast that description over the police radio. Additionally, the arresting officer testified that he was waiting in his car near the location of the sale, received a radio communication from the undercover officer, jotted down a description of the seller on a piece of paper, proceeded to the sale location and placed the defendant under arrest. Both the undercover and arresting officers admitted that they had either lost or destroyed the notes of the seller's description after completing the official police reports at the precinct. Moreover, the undercover officer testified that he had seen the defendant in the arresting officer's custody in the precinct parking lot prior to completing his official report of the sale. The defendant's motion to strike the undercover and arresting officers' testimony concerning the description was denied by the court, as was his request for an adverse inference charge. The trial court expressly stated that a sanction was unwarranted but permitted defense counsel to argue to the jury that it should take into account the failure of the officers to hold on to the scrap paper.

Under the circumstances of this case, we find that the defendant is entitled to a new trial because it was reversible error to deny the defendant's requests for the imposition of sanctions based on the arresting and undercover officers' failure to preserve the pieces of paper which constituted *Rosario* material *(see, People v Wallace,* 76 NY2d 953; *People v Jackson,* 171 AD2d 688; *People v Diaz,* 169 AD2d 530).

In light of the foregoing, we do not deem it necessary to reach the defendant's remaining contention. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.