■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered March 27, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On the evening of May 2, 1988, the defendant allegedly sold two vials of crack cocaine to an undercover police officer. After completing the "buy", the undercover officer returned to his car and radioed a description of the suspect to his back-up team. Upon receiving the radio communication, the supervisor

of the back-up team wrote the suspect's description down on "scratch * * * paper". However, she subsequently destroyed or discarded these notes without transferring their contents to an official report. At trial, the supervisor testified that she directed the back-up team to apprehend the defendant based upon the description radioed by the undercover officer. Moreover, the undercover officer testified that he saw the defendant in the arresting officer's custody before he completed his own report regarding the sale. Although the defendant moved to strike the supervisor's testimony, the court denied his motion, and imposed no other sanction.

We find that the supervisor's notes "relate[d] to the subject matter of [her] testimony", as they contained a description of the suspect as provided by the undercover officer, and since she testified that the defendant was arrested based upon that description (People v Ranghelle, 69 NY2d 56, 62; People v Rosario, 9 NY2d 286, 289, cert denied 368 US 866). Thus, contrary to the People's contention, the notes constituted Rosario material, and the court erred in denying the defendant's request for the imposition of sanctions based upon the supervisor's failure to preserve them (see, People v Wallace, 76 NY2d 953; People v Moss, 176 AD2d 826). Given the importance of the identification issue in this case, the supervisor's notes might have assisted the defendant's attorney in cross-examining the police officers. Moreover, the prejudice to the defendant was not eliminated by the incorporation of the information into subsequent reports, since it cannot be determined whether the information in these reports matched the information contained in the notes (see, People v Wallace, supra; People v Moss, supra; People v Jackson, 171 AD2d 688). This factor is especially significant in light of the fact that the undercover officer's report of the transaction was prepared after he saw the defendant in the custody of the arresting officers.

Where the People fail to exercise due care in preserving Rosario material, and the defendant is prejudiced thereby, the trial court must impose an appropriate sanction (see, People v Martinez, 71 NY2d 937, 940). Accordingly, we conclude that the court's failure to impose such a sanction warrants a new trial.

In light of the foregoing, we do not reach the defendant's remaining contentions. Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.