■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MORILLO, Also Known as JOSE MARTILLO, Appellant.— Judgment, Supreme Court, New York County (Felice Shea, J., at trial and sentence; Joan B. Carey, J., at suppression hearing), rendered April 4, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third, fourth, and seventh degrees, and sentencing him, as a predicate felony offender, to concurrent terms of imprisonment of 5 to 10 years on the sale and third and fourth degree possession counts, and 1 year on the seventh degree possession count, unanimously affirmed.

Scratch sheets memorializing descriptions of perpetrators constitute *Rosario* material *(People v Rosado,* 160 AD2d 505, *lv denied* 76 NY2d 864), and if not preserved, some appropriate sanction must be imposed to eliminate any prejudice caused by their loss *(People v Wallace,* 76 NY2d 953). In view of the overwhelming evidence of guilt and the lack of any serious dispute concerning identification, the sanction fashioned by the trial court, an adverse inference instruction with respect to the arresting officer's credibility, was quite adequate to eliminate any prejudice caused by the inadvertent loss of the scratch sheets *(see, People v Martinez,* 71 NY2d 937). The confirmatory identifications made by an experienced undercover officer soon after the face-to-face transactions he had with the defendants were not improper *(see, People v Wharton,* 74 NY2d 921).

We have considered defendant's argument that his sentence is excessive and find it to be without merit. Concur—Milonas, J. P., Wallach, Kassal and Rubin, JJ.