■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LERON WILLIAMS, Appellant.—Appeal from the judgment of the Supreme Court, Bronx County (Emily Jane Goodman, J., at trial and sentencing), rendered October 25, 1990, after trial by jury, which convicted defendant of two counts of rape in the first degree and sentenced him as a predicate felon, to two concurrent terms of 7 to 14 years imprisonment, is held in abeyance, the order of the same court (Joseph A. Cerbone, J.), entered November 2, 1989, which, *inter alia,* denied defendant's motion for a *Wade* hearing, is unanimously modified, on the law and facts, by reversing said denial and granting the motion for a hearing, and otherwise affirmed, and the matter remanded for further proceedings in accordance with this memorandum.

In defendant's omnibus pretrial motion, he requested a *Wade* hearing, asserting: "After the defendant was placed in handcuffs, the defense has reason to believe that he was displayed in a one on one showup with the complainant, a young child, who identified him. Accordingly, there will be evidence at trial in which the defendant will be identified as the perpetrator of the crime in question. The defense maintains that the initial identification procedure was so suggestive as to taint any subsequent in-court identification. The defense requests a hearing to determine the admissibility of the identification."

In response, the People, in an affirmation alleged: "The People oppose defendant's motion to suppress identification testimony or, in the alternative, for a Wade hearing. The defendant was known to the witness for a period of approximately [blank]. The defendant was also known by the [blank]. Where the parties are known to each other, no *Wade* issue is raised by any identification procedure utilized including the show-up inherent when a witness is asked to identify the defendant at trial for the first time * * * The defendant's motion should be denied."

When a defendant makes a motion for a *Wade* hearing upon the ground of an improperly made previous identification of the defendant by a prospective witness (CPL 710.20 [6]), the court "must conduct a hearing and make findings of fact essential to the determination thereof" (CPL 710.60 [4]). The defendant's failure to set forth sworn allegations of fact to support the motion made pursuant to CPL 710.20 (6) does not permit the court to summarily deny the motion without a hearing (CPL 710.60 [3]).

However, where the defendant and the victim are known to each other, there can be no suggestive identification and thus, no need for any hearing. Aware of this, the People never served notice of intent to offer identification testimony pursuant to CPL 710.30 (1) (b), and, as noted, opposed defendant's request in an affirmation attesting that the defendant was "known to the witness".

The People assert that the burden of establishing the need for a suppression hearing lies with the defendant and when, as in this case, the People represent that a witness' trial identification is the product of prior familiarity, the court should deny the defendant's request for a *Wade* hearing *(see, People v Newball,* 76 NY2d 587, 591). The People further point out that a determination of whether the identification was confirmatory can be resolved upon the moving papers submitted by both parties without an evidentiary fact-finding hearing.

We agree with this general analysis. Only where a factual issue remains as to whether the defendant *was* known to the complainant, or where an issue has been raised on the papers that "the prior relationship is fleeting or distant" so that "police suggestion may improperly influence the witness in making an identification" *(People v Collins,* 60 NY2d 214, 219), should the court ordinarily direct a hearing.

In this case, however, we find that the People did not state

in an evidentiary fashion that the defendant was previously known to the witness. The People used, in essence, a "boiler-plate" form affirmation in opposition containing blank spaces instead of specific allegations detailing in what manner and for how long a period of time the defendant was known to the complainant. The blanks were not filled in. This was insufficient to establish a prima facie showing of a prior relationship. While the People refer to the "uncontroverted" assertion in their answering papers, the assertions contained in the affirmation, set forth *supra* in full, were patently incomplete. Under these circumstances, the defendant was under no duty to reply to raise an issue as to whether there was a prior relationship, or, if so, whether it was "fleeting or distant" so that "police suggestion" may have been present to "improperly influence the witness in making an identification". *(People v Collins, supra,* at 219.) Further, the People conclude that the testimony presented to the Grand Jury coupled with the affirmation obviated the necessity for a hearing. While Grand Jury testimony can be used to furnish evidence of prior knowledge and the lack of suggestiveness sufficient to deny a *Wade* hearing *(see, People v Rodriguez,* 167 AD2d 146, 147, *lv granted* 77 NY2d 1000), it appears here that the issue of the in-custody identification was not raised before the Grand Jury. In addition, there is nothing in the record or cited from the Grand Jury minutes which would indicate that the victim's knowledge of defendant was more than "fleeting or distant" *(People v Collins, supra,* at 219). The Supreme Court erred, therefore, in not directing a hearing on the issue of the admissibility of the prior identification.

The defendant contends that reversal of the conviction and a new trial is mandated "where, as here, a jury has voted to convict based on an in-court identification that was not properly validated by suppression testimony" (citing *People v Burts,* 78 NY2d 20). However, the Court of Appeals, in that case, specifically concluded "that an appeal cannot be held in abeyance for a posttrial hearing to supply an independent source basis for already admitted in-court identification testimony, *in conjunction with a determination that the suppression court's ruling on the suggestiveness of identification was flawed" (supra,* at 23; emphasis added). Unlike the facts in *Burts,* there has been no *determination,* here, that there was a suggestive identification procedure which could have subsequently tainted the in-court identification by the young victim here. Accordingly, we hold the appeal in abeyance and remand to the Supreme Court for a *Wade* hearing *(see, United*

*States v Wade,* 388 US 218; CPL 710.60 [4]). Concur—Carro, J. P., Wallach, Asch, Smith and Rubin, JJ.