■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LEWIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 26, 1989, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted, on an acting in concert theory (Penal Law § 20.00; *see also, People v Migliore,* 171 AD2d 696), of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), for selling crack cocaine. Viewing the evidence adduced at trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trial court which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The defendant, who was arrested in a so-called "buy and bust" operation, claims that he was a victim of mistaken identification. However, the undercover officer's testimony, his on-the-scene identification of the defendant, and the defendant's wearing of a distinctive maroon cap, all belie this assertion. Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.