■ The People of the State of New York, Respondent, v William Smith, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered April 28, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On the evening of July 2, 1987, the defendant allegedly sold a vial of crack cocaine to an undercover police officer in the entranceway of a Brooklyn apartment building. After making the purchase, the undercover officer immediately returned to his car and transmitted a description of the suspected seller to his back-up team. A member of the back-up team then jotted down the undercover officer's description of the seller on a piece of scrap paper, which was subsequently discarded.

The defendant contends that the trial court improvidently exercised its discretion by denying his request for the imposition of a sanction based upon the failure of the back-up officer to preserve the scrap paper containing a contemporaneous description of the suspected seller. We agree. The handwritten notes recording the undercover officer's description of the suspect constituted *Rosario* material *(see, People v Wallace,* 76

NY2d 953; *People v Martinez,* 71 NY2d 937; *People v Dyla,* 169 AD2d 777), and might have assisted counsel in cross examining the undercover officer *(see, People v Mack,* 180 AD2d 824; *People v Moss,* 176 AD2d 826). Moreover, contrary to the People's contention, the fact that the undercover officer retained his own handwritten notes, which merely described the suspect as "J.D. Green Cap", did not serve to alleviate the prejudice to the defendant. Where the People fail to exercise due care in preserving *Rosario* material, and the defendant is prejudiced thereby, the trial court must impose an appropriate sanction *(see, People v Martinez, supra).* Accordingly, under the circumstances of this case, we find that the court's failure to impose such a sanction warrants a new trial.

In light of the foregoing, we do not reach the defendant's remaining contentions. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.