■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN C. HAREWOOD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered January 3, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Westchester County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim. The Supreme Court, Westchester County, is to file its report with all convenient speed.

In his omnibus motion, the defendant sought, *inter alia,* to suppress identification testimony by an undercover police officer on the ground that two photographic identifications by the officer were impermissibly suggestive. The People maintained that no hearing was required because the identifications were made as part of an investigation and were confirmatory. We find that the court erred in denying the defendant's motion without a hearing *(see, People v Rodriguez,* 79 NY2d 445; *see, e.g., People v Hayes,* 162 AD2d 410; *People v Baron,* 159 AD2d 710; *see generally, People v Wharton,* 74 NY2d 921). We therefore remit the matter to the trial court for a hearing to determine whether the viewing of the photographs was an improper identification procedure or was merely confirmatory in nature. Since no determination has been made that the police employed a suggestive identification procedure, the appeal may be held in abeyance for a posttrial hearing *(see, People v Williams,* 182 AD2d 490; *cf., People v Burts,* 78 NY2d 20).

We reach no other issues at this juncture. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.