■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RIVAS, Also Known as MIGUEL RAMOS, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered May 18, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant was arrested for the sale and possession of cocaine during a so-called "buy and bust" operation which occurred on November 18, 1987. At trial, an undercover officer testified that he wrote a description of the defendant on a manila envelope and on a piece of "scrap" paper. The undercover officer did not perform a "drive-by" identification.

Later, at the precinct, the undercover officer destroyed the "scrap" paper after he transcribed its contents into a "buy" report. Although the manila envelope and the "buy" report were both admitted into evidence, the defense counsel requested that the trial court impose sanctions on the People in connection with the undercover officer's destruction of the "scrap" notes. The trial court declined to impose any sanction upon the People.

The trial court abused its discretion when it declined to impose any sanctions upon the People, as requested by the defendant, and, under the circumstances of this case, we find that the defendant is entitled to a new trial.

We find that the defendant was impermissibly prejudiced by the destruction of the *Rosario* material, given the importance of the identification issue in this case *(see, People v Wallace,* 76 NY2d 953; *People v Bell,* 173 AD2d 718; *People v Jackson,* 171 AD2d 688; *People v Diaz,* 169 AD2d 776). The admission of the "buy" report and the manila envelope did not alleviate the prejudice since it cannot be determined that the description contained in those materials matched those contained in the "scrap" notes *(see, People v Wallace, supra).* Although the undercover officer did not perform a confirmatory identification of the defendant before he filled out the "buy" report, he did converse with the arresting officers, and thus, there is no assurance that the description contained in the "buy" report was not altered to conform to the defendant's actual appearance. Further, the "sign and seal" procedure with respect to the manila envelope was not conducted until approximately 5½ hours after the arrest and three hours after a stationhouse identification. Therefore, the notations on the manila envelope also could have been made to conform to the defendant's appearance. Accordingly, the court's failure to impose any sanction in connection with the undercover officer's destruction of the "scrap" notes requires a reversal of the defendant's conviction and a new trial.

The defendant also claims that the evidence adduced at trial was legally insufficient to support his conviction of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in the fourth degree. However, since the defendant's motions to dismiss the indictment at trial failed to make reference to the arguments he now raises on appeal, the claim is not preserved for appellate review *(see, People v Gomez,* 67 NY2d 843; *People v Dekle,* 56 NY2d 835; *People v Cardona,* 136 AD2d 556). In any event, viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.