■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SHEPPARD, Also Known as WILLIAM SHEPPARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giacco, J.), rendered October 26, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As properly conceded by the People, an undercover officer's written description of the defendant, recorded as he broadcast that description over the police radio, constituted Rosario material (see, People v Wallace, 76 NY2d 953, 955; People v Moss, 176 AD2d 826). However, the issues of whether the defendant was prejudiced by the destruction of this material

and whether the People should have been sanctioned have not been preserved for appellate review since defense counsel neither raised an objection nor requested sanctions at trial *(see,* CPL 470.05 [2]; *People v Rogelio,* 79 NY2d 843; *People v Hilliard,* 173 AD2d 559). Under the circumstances presented herein, we decline to reach the issues in the exercise of our interest of justice jurisdiction.

In addition, the defendant's conduct evinced a sufficient indicia of "[s]alesman-like behavior" *(People v Roche,* 45 NY2d 78, 85, *cert denied* 439 US 958) for the jury to determine that he was neither a mere extension of the undercover officer nor acting solely in the undercover officer's interest *(see, People v Andujas,* 79 NY2d 113; *People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). Accordingly, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or devoid of merit *(see, People v Thomches,* 172 AD2d 786; *cf., People v Bell,* 38 NY2d 116). Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.