■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR CINATUS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered January 11, 1991, convicting him of burglary in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the County Court, Nassau County, to hear and report on that branch of the

defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim. The County Court, Nassau County, shall file its report with all convenient speed.

At approximately 2:00 A.M., on August 30, 1989, while he was on routine patrol, Officer Michael Olivieri heard a burglar alarm sounding from a nearby shopping center. He drove to the area and saw a man fleeing from a storefront. The officer pursued the man until he jumped over a fence and escaped. The officer then transmitted a description of the man over his radio. Approximately one and one-half hours later, another officer seized the defendant on a street some distance away. Officer Olivieri was summoned to the scene and identified the defendant. Prior to the trial, the defendant moved, *inter alia,* to suppress the identification by Officer Olivieri on the ground that the showup was unduly suggestive, or alternatively for a *Wade* hearing. We find that the court erred in denying that part of the motion which was for a *Wade* hearing.

In *People v Rodriguez* (79 NY2d 445, 452-453), the Court of Appeals declared that a summary denial of a motion to suppress identification testimony is permitted only if no legal basis for suppression is presented. Further, the People bear the burden of demonstrating that the identification procedure was merely confirmatory *(see, People v Rodriguez, supra,* at 452; *see also, People v Williams,* 182 AD2d 490). On the present record, it cannot be said as a matter of law that the identification in question was confirmatory and not suggestive. The present situation is unlike the typical "buy and bust" case *(see, People v Wharton,* 74 NY2d 921). Contrary to the People's contention, an identification is not confirmatory simply because it is made by a police officer rather than a civilian *(see, People v Perez,* 74 NY2d 637, 638; *People v Waring,* 183 AD2d 271). Therefore, a *Wade* hearing should have been held *(see, People v Rodriguez, supra; People v Gordon,* 76 NY2d 595; *People v Williams, supra).* Since no determination has been made that the police employed a suggestive identification procedure, the appeal may be held in abeyance for a posttrial hearing *(see, People v Harewood,* 184 AD2d 657; *cf., People v Burts,* 78 NY2d 20). Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.