■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LERON WILLIAMS, Appellant.—Judgment of the Supreme Court, Bronx County (Emily Jane Goodman, J.), rendered October 25, 1990, convicting defendant, after trial by jury, of two counts of rape in the first degree, and sentencing him, as a second felony offender, to two concurrent prison terms of from seven to fourteen years, and the order of the Supreme Court, Bronx County (John Stackhouse, J.), rendered June 25, 1992, denying defendant's motion to suppress identification testimony, unanimously affirmed.

In an order entered April 14, 1992 *(People v Williams,* 182

AD2d 490, *lv dismissed* 80 NY2d 897), we held this appeal in abeyance, and modified the order of the same court (Joseph A. Cerbone, J.), entered November 2, 1989, which, *inter alia,* denied defendant's motion for a *Wade* hearing, by reversing said denial and remanding for such hearing.

The record of the hearing supports the finding and conclusion of the hearing court that there was no police arranged confrontation or "show-up". Defendant was accused of rape of the victim by her mother on the public street, in the presence of the child. During this loud altercation the police came by on routine motor patrol, and after questioning the child as to the mother's allegations, arrested the defendant. Under the circumstances, there was nothing suggestive about the victim's identification of defendant, and the in-court identification of defendant by the child was properly admitted.

In addition, defendant's guilt of rape in the first degree (two counts) was proven beyond a reasonable doubt by the testimonial and medical evidence adduced at the trial. Concur— Carro, J. P., Wallach, Asch and Rubin, JJ.