■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant. [597 NYS2d 449] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered November 18, 1991, convicting

him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentencing.

Ordered that the judgment is affirmed.

The defendant was arrested and charged as a result of a so-called "buy and bust" operation involving the sale of cocaine. The evidence reveals that during the undercover officer's driveby showup identification, he positively identified the defendant, but was unable to identify another, who fit the description of the second perpetrator. The defendant was then arrested and the other individual was let go. Contrary to the defendant's contention, we find that the negative identification evidence presented was relevant to the facts and circumstances surrounding the case and did not constitute improper bolstering of the undercover officer's identification of the defendant (see, People v Bolden, 58 NY2d 741, 744 [concurring opn, Gabrielli, J.]; People v White, 151 Misc 2d 171).

The defendant also contends that the officer's written description of the defendant, which was recorded as it was broadcast over the police radio, constituted Rosario material (see, People v Wallace, 76 NY2d 953, 955; People v Moss, 176 AD2d 826). However, the issue was unpreserved for appellate review (see, CPL 470.05 [2]; People v Sheppard, 185 AD2d 904) and under the circumstances presented herein, we decline to reach it in the exercise of our interest of justice jurisdictions. Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.