■ The People of the State of New York, Respondent, v Bernard Lawley, Appellant. [602 NYS2d 400] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered March 14, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction for criminal sale of a controlled substance in the third degree is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Lewis,* 182 AD2d 777; *People v McKinnon,* 176 AD2d 193; *People v Santiago,* 176 AD2d 521). It is well established that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the

verdict of guilty was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that he was deprived of a fair trial because the testimony of the arresting officer regarding the descriptions of the perpetrators he had received from the undercover officer constituted hearsay that impermissibly bolstered the undercover officer's testimony in this vein. However, since the defense counsel did not object to the challenged testimony on the specific ground now asserted, the claimed error is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, any error in the admission of such testimony *(see, People v Lyons,* 178 AD2d 492, *affd* 81 NY2d 753; *People v Briggs,* 156 AD2d 574) must be deemed harmless in light of the ample opportunity which the undercover officer had to observe the defendant during the drug sale and the undercover officer's strong identification testimony *(see, People v Johnson,* 57 NY2d 969; *People v McGill,* 183 AD2d 730; *People v Franklin,* 181 AD2d 790).

The defendant's contention regarding the inadequacy of the court's adverse inference charge, imposed as an appropriate sanction for the destruction of the scratch paper upon which the arresting officer had originally written the descriptions of the perpetrators *(see, People v Wallace,* 76 NY2d 953; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), is unpreserved for appellate review *(see, People v Thomas,* 50 NY2d 467) and, in any event, without merit *(see, People v Martinez,* 71 NY2d 937; *People v Morillo,* 181 AD2d 532).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80; *People v Perez,* 150 AD2d 395). Thompson, J. P., Miller, Santucci and Joy, JJ., concur.