◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ROE, Also Known as RAYMOND RUE, Appellant. [602 NYS2d 401] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered March 15, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of criminal sale of a controlled substance in the third degree is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Lewis, 182 AD2d 777; People v McKinnon, 176 AD2d 193; People v Santiago, 176 AD2d 521). Moreover, upon the exercise of our factual review power, we are satisfied that the

verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, contrary to the defendant's contention, we find that he was not deprived of a fair trial by being tried in absentia after he absconded at the commencement of the trial *(see, People v Parker,* 57 NY2d 136; *People v Floyd,* 179 AD2d 770; *People v Melendez,* 160 AD2d 739; *see also, People v Wallace,* 182 AD2d 1079; *cf., People v Amato,* 172 AD2d 545).

The defendant's contention regarding the inadequacy of the court's adverse inference charge, imposed as an appropriate sanction for the destruction of the scratch paper upon which the arresting officer had originally written the descriptions of the perpetrators *(see, People v Wallace,* 76 NY2d 953; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), is unpreserved for appellate review *(see, People v Thomas,* 50 NY2d 467) and, in any event, without merit *(see, People v Lawley,* 196 AD2d 890 [decided herewith]; *People v Martinez,* 71 NY2d 937; *People v Morillo,* 181 AD2d 532).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Miller, Santucci and Joy, JJ., concur.