■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR CINATUS, Appellant. [607 NYS2d 363] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered January 11, 1991, convicting him of burglary in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order dated December 7, 1992, this Court remitted the matter to the County Court, Nassau County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony, and held the appeal in abeyance in the interim (see, People v Cinatus, 188 AD2d 481). The County Court has now complied.

Ordered that the judgment is affirmed.

Contrary to the hearing court's determination, and as we have previously held, the witness's status as a police officer does not serve to render the identification procedure at bar confirmatory in nature (see, People v Cinatus, 188 AD2d 481, supra). However, that the witness was a police officer is relevant in determining whether or not the identification procedure employed was unduly suggestive. Given that the identification took place in relatively close spatial and temporal proximity to the witness's sighting of the perpetrator, and that the witness was a police officer, we find that the identification procedure employed was not unduly suggestive, and therefore the testimony with respect thereto was properly

admitted at the trial *(see, People v Duuvon,* 77 NY2d 541; *cf., People v Johnson,* 81 NY2d 828).

We have considered the defendant's remaining contentions and find that they are unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.