■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JONES, Appellant. [607 NYS2d 118] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered July 2, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested and charged, inter alia, with two separate counts of criminal sale of a controlled substance in the third degree as a result of a so-called "buy and bust" operation conducted on two successive days involving the sale of cocaine. After the first sale, the defendant was not arrested as the undercover officer communicated the wrong address to the backup team. The backup team arrested another man. The next day, the defendant sold a vial of cocaine to the undercover officer at the same location and was arrested. Contrary to the defendant's contention, we find that the undercover officer's testimony that the other man arrested on the first occasion was not the seller was relevant to the facts and circumstances surrounding the case and did not constitute improper bolstering of the undercover officer's identification of the defendant (see, People v Rodriguez, 193 AD2d 633; People v Bolden, 58 NY2d 741, 744 [Gabrielli, J., concurring]).

The defendant further contends that the court erred in denying his request for a missing witness charge with respect to the arresting officer. This contention is without merit as the People met their burden of establishing that his testimony would have been cumulative (see, People v Morris, 168 AD2d 464).

We have reviewed the defendant's remaining contention and find it to be without merit. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.