■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEDELL WALKER, Appellant. [618 NYS2d 449] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered April 28, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the investigating detective testified that during his interview with the complainant he took notes on scratch paper which were discarded after the contents were placed in the typewritten report. Recognizing this *Rosario* violation *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), the defendant moved to strike the detective's testimony. The Supreme Court declined to impose this sanction and, instead, issued an adverse inference charge with respect to the detective. On appeal, the defendant posits that the court erred in not striking the detective's testimony. However, this contention is without merit.

Just as the People have a duty to produce material pursuant to *People v Rosario* (9 NY2d 286, *supra),* so to are they charged with a concomitant obligation to preserve such material until a request for disclosure is made *(see, People v Martinez,* 71 NY2d 937, 940). Further, where the People fail to exercise due care in preserving *Rosario* material and the defendant is prejudiced thereby, the court must impose an appropriate sanction *(see, People v Wallace,* 76 NY2d 953, 955; *People v Martinez, supra).* The determination as to what constitutes " 'an appropriate sanction' " is left to the sound discretion of trial court *(People v Wallace, supra,* at 955; *People v Martinez, supra).* Under the circumstances of this case, we conclude that the court's adverse inference charge was an appropriate sanction *(see, People v Lawley,* 196 AD2d 890; *see also, People v Haupt,* 71 NY2d 929, 931; *People v Martinez, supra).*

Moreover, upon review of the record, we find that the trial

court did not improvidently interject itself into the questioning of the victim *(see, People v Arthur,* 186 AD2d 661, 663; *Matter of William T.,* 182 AD2d 766, 767).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.