■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE BROGDON, Appellant. [623 NYS2d 332] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered August 3, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, to be preceded by a *Wade* hearing.

The defendant was arrested on December 4, 1991, in connection with the sale of cocaine to an undercover police officer on July 25, 1991. After making the purchase, the undercover officer returned to his car and radioed a description of the seller to a backup team. Upon receiving the radio communication from the undercover officer, the sergeant who supervised the operation wrote a description of the seller on a piece of paper. The sergeant then stopped the defendant near the scene of the crime, but did not arrest him at that time. He later returned to the precinct, transferred the information from his notes onto a police report, and destroyed the notes.

At trial, the defense counsel moved for a mistrial or for the imposition of a sanction based upon the sergeant's destruction of his notes. The court denied the request.

Under the circumstances of this case, the defendant is entitled to a new trial. The trial court abused its discretion by failing to grant the defendant's request for the imposition of sanctions due to the sergeant's failure to preserve his notes, which were *Rosario* material *(see, People v Wallace,* 76 NY2d

953; *People v Rivas,* 184 AD2d 794; *People v Smith,* 182 AD2d 787; *People v Mack,* 180 AD2d 824; *People v Moss,* 176 AD2d 826; *People v Gamble,* 172 AD2d 687; *People v Jackson,* 171 AD2d 688; *People v Diaz,* 169 AD2d 776).

The trial court also erred by denying, without a hearing, the defendant's motion to suppress the identification testimony of the undercover officer. On the present record, it cannot be said as a matter of law that the photographic identification of the defendant by the undercover officer was merely confirmatory and not suggestive *(see, People v Smith,* 203 AD2d 495; *People v Harewood,* 184 AD2d 657; *see also, People v Glover,* 191 AD2d 582; *People v Waring,* 183 AD2d 271). Therefore, a *Wade* hearing should have been held *(see, People v Rodriguez,* 79 NY2d 445; *People v Harewood, supra).*

The defendant's remaining contention is without merit. Balletta, J. P., Thompson, Joy and Florio, JJ., concur.