■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. JAMES and JANE WOLFE, Appellants. [661 NYS2d 15] —Appeals by the defendants from two judgments (one as to each of them) of the County Court, Nassau County (Kowtna, J.), both rendered June 12, 1996, (1) convicting the defendant Robert E. James of grand larceny in the second degree, conspiracy in the fourth degree, falsifying business records in the first degree (four counts), and offering a false instrument for filing in the first degree (five counts), upon a jury verdict, and imposing sentence, and (2) convicting the defendant Jane Wolfe of grand larceny in the third degree, falsifying business records in the first degree (four counts), and offering a false instrument for filing in the first degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgments are reversed, on the law, and a new trial is ordered.

It is well established that the People must provide the defense with pretrial statements made by prosecution witnesses regarding the subject matter of their testimony (CPL

240.45 [1] [a]) so as to enable the defense to effectively cross-examine such witnesses by reference to the prior statements *(see, People v Poole,* 48 NY2d 144, 148; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866).

In the instant prosecution for Medicaid fraud, the record clearly indicates that several key prosecution witnesses had made prior statements which were recorded in written form during the initial investigation conducted by the New York State Department of Social Services (hereinafter DSS). These statements, along with the rest of the DSS file on this case, were sent to the Attorney-General's office in November 1993, almost two and one half years before the trial began. Nevertheless, the Attorney-General's office never provided any of this material to the defense and never provided an explanation for its failure to do so. Moreover, the Assistant Attorney-General prosecuting this matter at trial repeatedly ignored the court's directives that he assist the defense in procuring these documents from DSS. Since the defendants' main contention at trial was that the testimony of these witnesses was fabricated as part of a scheme of revenge, a review of these prior statements was essential to the effective cross-examination of these witnesses. The People's failure to produce these materials during trial therefore constituted a clear *Rosario* violation.

Furthermore, although the court did offer the defense the opportunity to recall two of the witnesses for further cross-examination, this remedy was inadequate to cure the *Rosario* violation. *Rosario* material remained outstanding with regard to other prosecution witnesses. Moreover, in light of the prosecutor's stubborn refusals to abide by the court's directives that he aid the defense in its pursuit of the missing statements, a greater sanction should have been imposed. Under the circumstances, the court should have either precluded the testimony in question or given an adverse inference charge *(see, People v Wallace,* 76 NY2d 953; *People v Martinez,* 71 NY2d 937). Since it did neither, a new trial is warranted *(see, People v Ranghelle,* 69 NY2d 56, 63).

In light of the foregoing determination, it is not necessary for us to reach the defendants' remaining contentions. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.