OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law and matter remanded for a new trial.
*777 Defendant was involved in an automobile accident on April 18, 1998. He was charged with disobeying no passing markings. At the bench trial, the officer who responded to the scene testified that he had prepared a handwritten accident report but he had destroyed it prior to trial.
Counsel asked the court to take an adverse inference as an appropriate sanction. The court reserved decision on the application. At the conclusion of the trial, the court issued its decision finding defendant guilty as charged. The decision is silent as to defense counsel’s application.
On appeal, defendant contends that the court abused its discretion in failing to impose any sanction based upon the People’s failure to preserve the evidence.
The handwritten notes destroyed by the police officer regarding the accident scene constituted Rosario material (see, People v Martinez, 71 NY2d 937) and defense counsel was prejudiced by the People’s failure to preserve this evidence. This evidence might have assisted defense counsel in the cross-examination of the officer (People v Smith, 182 AD2d 787) and possibly revealed inconsistencies between the testimony of the witnesses and what they told the officer. Consequently, the trial court was required to impose an appropriate sanction (People v Martinez, supra). Inasmuch as the record before us does not indicate that the court imposed any sanction, a new trial is warranted.
We find no merit in defendant’s contention concerning the sufficiency of the evidence.
DiPaola, P. J., Ingrassia and Levitt, JJ., concur.