■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GODLEY, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered October 5, 1989, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 3 to 6 years, unanimously affirmed.

During this trial for possession of a weapon, defendant, who took the stand in his own defense, sought to testify as to his understanding why he had been denied parole. When the prosecutor objected on hearsay grounds, a bench conference was held, at which it was resolved that the questioning would continue, with the prosecutor permitted to introduce the written Parole Board report. After defendant had had an opportunity to read the report, the discussion continued in chambers, outside of the presence of the jury, where the scope of inquiry was sought to be limited.

Defendant's absence from the bench conference and brief discussion in chambers did not violate his right to be present at all material stages of the trial *(see generally, People v Mehmedi,* 69 NY2d 759, *rearg denied* 69 NY2d 985). The discussions held in defendant's absence were of a purely legal nature *(People ex rel. Lupo v Fay,* 13 NY2d 253, *cert denied* 376 US 958), and were not, as defendant contends, tantamount to suppression *(People v Anderson,* 16 NY2d 282), or *Sandoval* hearings *(People v Rose,* 175 AD2d 32). Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.