■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA RIVERA, Appellant. [607 NYS2d 930] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered December 10, 1991, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant concedes that she was present during the robing room *Sandoval* hearing, when argument was presented by both sides as to whether or not and to what extent, defendant, should she testify, might be questioned regarding three prior felony convictions. Thus, defendant was not deprived of her right to be present at the *Sandoval* hearing, for purposes of contributing any relevant factual information about which defendant might have "peculiar knowledge" *(People v Dokes,* 79 NY2d 656, 660). Defendant's physical presence was not required at sidebar, when the court merely issued its formal *Sandoval* ruling, which was at that point a purely legal determination upon which defendant could not reasonably have contributed her views *(see, People v Godley,* 176 AD2d 505, *lv denied* 79 NY2d 827).

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of criminal possession of a controlled substance in the third degree was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). Defendant's claim that the verdict was against the weight of the evidence because the jury acquitted defendant on the criminal sale of a controlled substance in the third degree count discounts the circumstance herein that the prerecorded buy money was not recovered, and in any event calls for an impermissible invasion of the jury's deliberative processes *(People v Tucker,* 55 NY2d 1, 7).

We have considered defendant's additional arguments and

find them to be either unpreserved, or without merit. Concur —Rosenberger, J. P., Ellerin, Kupferman and Nardelli, JJ.