■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant, v ROCK ENTERPRISES LTD., Respondent. [655 NYS2d 951] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 14, 1996 which, *inter alia*, denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

The affidavits of the three individuals at issue raised questions of fact as to whether they were independent contractors during the time period in which the premiums in question were assessed. Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN APONTE, Appellant. [655 NYS2d 951] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered March 7, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The trial court appropriately exercised its discretion in closing the courtroom to the general public (and excepting defendant's wife) during the testimony of the undercover officer, based on the officer's testimony at the *Hinton* hearing that she was then actively engaged in ongoing undercover operations in the area of the instant arrest, from which the courthouse was readily accessible; that she expected to return to the area in connection with her regular undercover narcotics assignment; and that she feared for her safety and for the integrity of ongoing undercover operations in the area of the instant transaction if her identity as an undercover officer, which she took pains to conceal, were revealed in open court. This evidence satisfied the standard articulated in *People v Martinez* (82 NY2d 436), which is the standard applicable to this case (*see, People v Lugo*, 233 AD2d 197).

Defendant's guilt of criminal possession of a controlled substance in the third degree was proven beyond a reasonable doubt and the verdict is not against the weight of the evidence. Without engaging in improper invasion of the jury's deliberative processes, defendant's acquittal on the charge of criminal sale of a controlled substance in the third degree does not require a contrary finding (*People v Rivera*, 201 AD2d 377, *lv denied* 83 NY2d 875). We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.