■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SAUNDERS, Also Known as CHARLES SANDERS, Appellant. [670 NYS2d 84] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered April 18, 1995, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him to consecutive terms of 12½ to 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility and reliability of identification testimony. There was ample evidence supporting the conviction for robbery in the first degree committed while armed with a deadly weapon (Penal Law § 160.15 [2]), including evidence that defendant shot the victim. The weight and sufficiency of the evidence supporting this count was not undermined by the jury's verdict acquitting defendant on certain other counts, and defendant's argument to the contrary would require "impermissible invasion of the jury's deliberative processes" (*People v Rivera*, 201 AD2d 377, *lv denied* 83 NY2d 875; *see also, People v Williams*, 239 AD2d 271, *lv denied* 90 NY2d 899).

Defendant failed to make a prima facie showing before the trial court that the prosecution was using its peremptory challenges in a racially discriminatory fashion. Given the racial

composition of the panel, the prosecution's use of peremptory challenges was not so racially disproportionate as to establish a prima facie showing without non-numerical evidence of discrimination, and defendant did not advance any such non-numerical claims before the trial court (*Batson v Kentucky*, 476 US 79; *People v Childress*, 81 NY2d 263; *People v Bolling*, 79 NY2d 317, 325).

We perceive no abuse of sentencing discretion, and we reject defendant's argument that the sentence was based on impermissible criteria. Concur—Lerner, P. J., Milonas, Rosenberger, Nardelli and Williams, JJ.