■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN EDWARDS, Appellant. [690 NYS2d 543] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered February 13, 1997, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations. The weight of the evidence supporting the count on which defendant was convicted was not undermined by his acquittal on

other counts having different elements (*see, People v Saunders,* 248 AD2d 286, *lv denied* 92 NY2d 860; *People v Rivera,* 201 AD2d 377, *lv denied* 83 NY2d 875).

The court properly exercised its discretion in denying defendant's mistrial motion made in response to two deadlock notes from the jury, since the time spent by the jury in actual deliberations had not been unduly long given the serious nature of the case (*see, Matter of Plummer v Rothwax,* 63 NY2d 243).

The court properly exercised its discretion in receiving testimony from an incarcerated People's witness that fellow inmates had called him a "snitch" because of his cooperation with the prosecution and that he feared reprisals. These specific threats were relevant to the witness's state of mind (*see, People v Pondexter,* 215 AD2d 409, 410; *People v Worth-erly,* 68 AD2d 158, 163; *see also, People v Brown,* 182 AD2d 563, *lv denied* 80 NY2d 828). Since a major theme of defendant's attack on this witness's credibility was that he was testifying out of self-interest, in an effort to obtain lenient treatment for himself, the People were properly permitted to introduce specific evidence that such cooperation was also against the witness's interest to a significant extent. Defendant's remaining arguments related to this issue are unpreserved and we decline to review them in the interest of justice.

We perceive no abuse of sentencing discretion and find that the record does not support defendant's claim that the court, in imposing sentence, considered charges on which he was acquitted. Concur—Ellerin, P. J., Rosenberger, Wallach and Saxe, JJ.