■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO ALVAREZ, Appellant. [603 NYS2d 489] —Judgment, Supreme Court, Bronx County (Antonio I. Brandveen, J.), rendered May 30, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree (four counts), and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 9 to 18 years on each count, unanimously modified to reduce the terms to 5 to 10 years and otherwise affirmed.

As defendant acquiesced to the trial court's decision to give an adverse inference charge, one of two sanctions proposed by defendant, regarding the loss of a police officer's memo book, and as defendant made no effort to renew his application for preclusion of that officer's testimony he has waived appellate review of his claim of inappropriate sanction *(People v George,*

67 NY2d 817, 819). In any event, after full inquiry which revealed that the memo book in question contained no more than procedural notations made by a backup officer involved only at the arrest stage, and that the loss of the memo book was inadvertent, the trial court appropriately exercised its discretion in determining that an appropriate sanction would be to give an adverse inference charge *(People v Martinez,* 71 NY2d 937, 940).

Although the wording of a portion of the adverse inference charge as given was somewhat confused, the charge as a whole conveyed the appropriate legal standard of a permissible adverse inference *(see, People v Hurk,* 165 AD2d 687, 688, *lv denied* 76 NY2d 1021). Additionally, in light of the trial court's determination of the minor nature of the memo book notations in question, and the overwhelming nature of the evidence of defendant's guilt of the crimes charged, any error in the charge is rendered harmless *(People v Crimmins,* 36 NY2d 230).

We find the sentence excessive to the extent indicated. Concur—Carro, J. P., Kupferman, Asch, Rubin and Nardelli, JJ.