■ The People of the State of New York, Respondent, v Jose Vasquez, Appellant. [666 NYS2d 181] —Judgment, Supreme Court, New York County (Emily Goodman, J.), rendered March 31, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

Since defendant requested and accepted an adverse inference charge regarding the People's failure to produce an arrest photograph, and sought no other relief, he has waived appellate review of his challenge to the sufficiency of that sanction (*People v Alvarez*, 198 AD2d 171, *lv denied* 83 NY2d 802). In any event, that sanction was sufficient, since there was no bad faith on the part of the prosecution and no proof that the missing photograph would have supported the defense position that defendant had been misidentified as the drug dealer.

Defendant's current challenge to the closure of the courtroom during the undercover officer's testimony is unpreserved, since he never objected to closure and expressly declined to be heard at the end of the hearing. In any event, closure was proper, since the officer's *Hinton* hearing testimony demonstrated that he then was working in a precinct that was in close proximity to the area where defendant had been arrested, and that he could be reassigned to the latter area; that he had many pending cases from his former assignment area; and that he found it necessary to protect his undercover status by, among other things, entering the courthouse through a non-public doorway (*see, People v Rash*, 238 AD2d 195, *lv denied* 90 NY2d 897).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.