■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRINA WILSON, Appellant. [737 NYS2d 281] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered July 15, 1999, convicting defendant, after a nonjury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing her to a term of time served, five years probation, and 500 hours of community service, unanimously affirmed.

The verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). There is no basis upon which to disturb the court's determinations concerning credibility. We note that defendant's witnesses told inconsistent stories as to how the complainant's wrist came to be cut, while the People's witnesses provided a consistent and credible version of the events. Concur—Nardelli, J.P., Tom, Andrias, Rubin and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN JOHNSON, Appellant. [738 NYS2d 311] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered March 3, 1994, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and theft of services, and sentencing him to concurrent terms of 2 to 6 years and six months, respectively, unanimously affirmed.

Defendant's arrest photograph was properly admitted to corroborate testimony by the arresting officer as to the black clothing defendant was wearing at the time of his arrest, which tended to explain why the officer did not see the black gun defendant had in his waistband until defendant discarded it (*see, People v Smith*, 254 AD2d 192, *lv denied* 93 NY2d 979). There is no indication in the record that this redacted photograph conveyed any suggestion of criminal propensity, and no such argument was made by the People (*compare, People v Black*, 117 AD2d 512).

Defendant's challenge to the adequacy of the court's adverse inference charge with respect to the loss of the memo book of the arresting officer's partner is unpreserved (*see, People v Whalen*, 59 NY2d 273), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant was not prejudiced by the loss of the memo book (*see*, CPL 240.75) and that the court's adverse inference charge provided a more than adequate remedy (*see, People v Vasquez*, 88 NY2d 561, 577). Concur—Nardelli, J.P., Tom, Andrias, Rubin and Buckley, JJ.