People v Parker-El (2021 NY Slip Op 50933(U))

[*1]

People v Parker-El (Dwayne)

2021 NY Slip Op 50933(U) [73 Misc 3d 129(A)]

Decided on October 5, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570962/14

The People of the State of New York,
Respondent,
against
Dwayne Parker-El, Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from two judgments of the Criminal
Court of the City of New York, Bronx County (Steven J. Hornstein, J.), each rendered October
30, 2014, after a nonjury trial, convicting him of attempted forcible touching, attempted sexual
abuse in the second degree, attempted endangering the welfare of a child (two counts) and public
lewdness (two counts), and imposing sentence.

Per Curiam.
Judgments of conviction (Steven J. Hornstein, J.), rendered October 30, 2014, affirmed.
The verdicts convicting defendant of attempted forcible touching (Penal Law §§
110, 130.52[1]), attempted sexual abuse in the second degree (Penal Law §§ 110,
130.60[2]), two counts of attempted endangering the welfare of a child (Penal Law §§
110, 260.10[1]) and two counts of public lewdness (Penal Law § 245.00[a]) were not
against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]), which
included photographic images from surveillance video showing defendant, on two separate
occasions, removing his penis from his pants and exposing it to the teen victims in a residential
elevator, and then touching the vagina of one of the victims as she fled. The credibility issues
raised by defendant, including the inconsistencies in the victims' testimony, were properly placed
before the trier of fact and we find no reason to disturb the court's determination to credit the
victims' testimony rather than defendant's testimony. 
Defendant's contentions regarding the alleged Rosario violations are largely
unpreserved, since defendant did not seek any further relief with respect to the Rosario
violations after the Court granted an adverse inference charge (see People v Alvarez, 198
AD2d 171 [1993], lv denied 83 NY2d 802 [1994]), and we decline to review them in the
interest of justice. As an alternative holding, we reject them on the merits. The adverse inference
sanction was sufficient, since there was no showing of bad faith on the part of the prosecution
and no showing of prejudice (see People v Johnson, 291 AD2d 265 [2002], lv denied
98 NY2d 698 [2002]). In any event, even assuming that the trial court erred in declining to
impose a preclusion sanction, we [*2]would find the error to be
harmless given the overwhelming evidence of defendant's guilt (see People v Crimmins,
36 NY2d 230, 241-242 [1975]; People v
Suero, 159 AD3d 656 [2018], lv denied 31 NY3d 1122 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2021