■ The People of the State of New York, Respondent, v Charles McLane, Appellant. [682 NYS2d 24] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered May 22, 1996, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

Defendant's motion to suppress his videotaped statement was properly denied. We see no reason to disturb the hearing court's determination to credit the detectives' testimony that they did not facilitate, or even know of, defendant's consumption of alcohol before questioning him (*People v Prochilo*, 41 NY2d 759, 761). The People met their burden of proving beyond a reasonable doubt that, under the totality of the circumstances, defendant's videotaped statement was unaffected by alcohol, and was knowingly, intelligently and voluntarily made (*see, People v Schompert*, 19 NY2d 300, *cert denied* 389 US 874; *People v Morales*, 210 AD2d 173, *lv denied* 84 NY2d 1035).

The court properly exercised its discretion in precluding the defense from presenting the testimony of certain expert and lay witnesses since their proposed testimony was either remote from the issues to be determined at trial or was information within the "ken of the typical juror" (*De Long v County of Erie*, 60 NY2d 296, 307; *see also, People v Robles*, 173 AD2d 337, *lv denied* 78 NY2d 1014).

By failing to elaborate on the basis for his objection to the court's charge on justification, defendant failed to provide the court with a fair opportunity to rectify any error and failed to

preserve the issue for appellate review (CPL 470.05 [2]; *People v Jackson*, 76 NY2d 908), and we decline to review his present claim in the interest of justice. Were we to review this claim, we would find that, viewed as a whole, the court's charge, conveyed the proper legal principles.

We have considered and rejected defendant's remaining arguments. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.