■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BALWANT SEBAK, Appellant. [706 NYS2d 322] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered May 8, 1998, convicting defendant, after jury trial, of criminal possession of a weapon in the second degree and attempted assault in the first degree, and sentencing him to two concurrent terms of 1½ to 4½ years, unanimously affirmed.

Defendant, who admitted at trial that he fired a nine millimeter semi-automatic pistol out the window of his apartment, asserts that his conviction should be reversed because of a *Rosario* and *Brady* violation (*People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866; *Brady v Maryland*, 373 US 83); an error by Supreme Court with respect to the People's *in limine* motion to preclude evidence regarding a prior incident between defendant and the complaining witness; an erroneous justification charge; and a conflict between defendant and his retained attorney. Defendant's claims are without merit.

As to defendant's *Rosario* claim, the existence of the *Rosario* material was known to defendant as he specifically requested it pre-trial under the auspices of *Brady v Maryland (supra)*. The record fails to contain any indication that the court ever ruled on defendant's *Brady* request and defendant failed to raise the issue again. In view of this, defendant's *Rosario* claim is not preserved for our review (*People v Graves*, 85 NY2d 1024, 1027; *People v Feerick*, 241 AD2d 126, 137, *affd* 93 NY2d 433; *see also, People v Sutherland*, 219 AD2d 523, 524, *lv denied* 87 NY2d 908; *People v Ortiz*, 209 AD2d 332, 333-334, *lv denied* 86 NY2d 739). For the same reasons, defendant's *Brady* claim is not preserved for review. In any event, the Grand Jury minutes and police reports regarding an unrelated incident between defendant and the complainant did not constitute *Brady* material since defendant obviously was aware of the incident and based his defense upon it (*see, People v Banks*, 130 AD2d 498, 499).

Concerning the People's *in limine* motion, the court's ruling was actually favorable to defendant and evidence regarding the prior incident between defendant and complainant was placed before the jury (*cf., People v Miller*, 39 NY2d 543, 552).

As to the justification charge, the claimed error is unpreserved since defendant failed to object to it (*People v Gray*, 86 NY2d 10, 19). In any event, viewed as a whole, the charge sufficiently conveyed the correct legal standard (*cf., People v Fields*, 87 NY2d 821; *People v McLane*, 256 AD2d 10, *lv denied* 93 NY2d 901). To the extent that it could be viewed as erroneous, it was favorable to defendant since it essentially eliminated the requirement of objective reasonableness for defendant's belief that he was in danger (*see, People v Goetz*, 68 NY2d 96). We further note that justification is not a defense to a charge of criminal possession of a weapon in the second degree (*People v Pons*, 68 NY2d 264). Hence, any error in the charge would have no impact on defendant's conviction for this crime.

Finally, there was no conflict between defendant and his attorney, and, if there was, defendant waived it upon the court's allocution (*see, People v Allen*, 88 NY2d 831; *People v Caban*, 70 NY2d 695; *People v Gomberg*, 38 NY2d 307). Concur—Rosenberger, J. P., Nardelli, Lerner, Saxe and Friedman, JJ.