■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DIMAS PEREZ, Appellant. [788 NYS2d 428]—

Appeal by the defendant from a judgment of the Supreme
Court, Kings County (Lott, J.), rendered November 5, 1999,
convicting him of murder in the first degree, upon a jury verdict,
and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court employed an
improper procedure in determining the defendant's challenge to
the People's peremptory challenges. Determining whether the
People exercised peremptory challenges to strike potential jurors
for reasons that implicate equal protection concerns is a three-
step process (*see Batson v Kentucky,* 476 US 79, 96-97 [1986];
*Hernandez v New York,* 500 US 352, 358 [1991]). First, the de-
fendant must allege sufficient facts to raise an inference that
the prosecution has exercised peremptory challenges for
discriminatory purposes. Second, if the requisite showing has
been made, the burden shifts to the prosecution to articulate a
neutral explanation for striking the jurors in question. Finally,
the trial court must determine whether the proffered reasons
are pretextual (*see Hernandez v New York, supra; People v Allen,*
86 NY2d 101 [1995]).

Contrary to the defendant's contention, the court did not
improperly rush or compress the *Batson* inquiry and, therefore,
the defendant failed to meet his burden of establishing an equal
protection violation. When the defendant first raised a *Batson*
objection, the trial court should have decided whether the
defense met its step-one burden of establishing a prima facie
case of discrimination. That issue became moot when the People
stated their reasons and the court ruled on the ultimate issue
(*see People v Smocum,* 99 NY2d 418 [2003]). The prosecutor's
reasons for the challenged strikes were facially race-neutral and
thus met the step-two burden of production. In addition, the

court did not meld steps two and three. Defense counsel was allowed to argue that the reasons were pretextual, and thus a meaningful inquiry into the question of discrimination was conducted (*see People v Smocum, supra*).

The defendant contends that the Supreme Court should have compelled the People to turn over two reports made by a detective in charge of the investigation. CPL 240.45 (1) (a), which codifies *People v Rosario* (9 NY2d 286 [1961]), provides that the prosecutor must make available to the defendant "[a]ny written or recorded statement, including any testimony before a grand jury and an examination videotaped pursuant to section 190.32 of this chapter, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony." The prosecution must turn over to the defense the recorded statements previously made by its own witnesses that will bear on the subject matter of the witness's testimony on direct examination (*see* CPL 240.45; *People v Rosario, supra*). Here, the detective interviewed the defendant's mother and girlfriend. However, he did not testify on direct examination about those interviews. Consequently, the reports of those interviews did not constitute *Rosario* material and the Supreme Court correctly ruled that the People had no obligation to turn over those reports to the defense.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.