■ The People of the State of New York, Respondent, v Paul Ramos, Appellant. [4 NYS3d 199]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered April 18, 2013, as amended April 25, 2013, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

The court properly exercised its discretion (*see generally People v Foy*, 32 NY2d 473 [1973]) in denying defendant's request for additional midtrial delay of the trial in order to make further attempts to obtain the presence of a building superintendent who could have allegedly testified concerning police access to a surveillance videotape. Defendant failed to make the requisite showing of the likelihood of the witness's appearance. Furthermore, defendant's claim that the witness could have provided useful testimony rests on speculation. There is no indication that the witness ever viewed the videotape, or reason to believe that it depicted anything relevant to the incident at issue. Defendant's argument that the court's ruling violated his constitutional right to present a defense is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The record also fails to support defendant's contention that a police officer copied or physically acquired the tape, or that it was ever under the control of the prosecution. Accordingly, the court could not have compelled the prosecutor to produce a copy of the videotape, which the prosecutor and testifying officers stated did not exist.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record, such as counsel's strategic decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]).

Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

Defendant's remaining claims, including those relating to

prosecutorial misconduct, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.