People v Burgos (2023 NY Slip Op 05229)

People v Burgos

2023 NY Slip Op 05229

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Ind. No. 3831/16 Appeal No. 796 Case No. 2019-5268 

[*1]The People of the State of New York, Respondent,
v
Edwin Burgos, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Brent E. Yarnell of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered March 2, 2018, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 15 years, followed by 5 years of postrelease supervision, unanimously affirmed. Order, same court (Abraham L. Clott, J.), entered on or about July 25, 2022, which denied defendant's motion to set aside the sentence, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations.
Defendant's Rosario claim related to a detective's DD5 report on his interview with a confidential informant was preserved by defendant's motion for a mistrial on the ground that certain documents including that report constituted Rosario material. However, we reject it on the merits. The DD5 report was not Rosario material because it "did not reflect the activities about which [the detective] testified at trial" (People v Miller, 232 AD2d 247, 247 [1st Dept 1996] [internal quotation marks, brackets, and citations omitted]), as the People did not elicit any testimony from the detective about the interview (see People v Perez, 14 AD3d 625, 626 [2d Dept 2005], lv denied 5 NY3d 793 [2005]). Contrary to defendant's argument, this case is not controlled by People v Lee (116 AD3d 493 [1st Dept 2014], lv denied 23 NY3d 1064 [2014]), which applied "long . . . settled" Rosario principles to the particular facts of that case (id. at 498) and was not intended to announce a per se rule automatically requiring disclosure of all DD5 reports created by a detective in connection with the investigation of the case.
Defendant failed to preserve his Rosario claim related to a DD5 report on a detective's interview with defendant's wife (see People v Rosado, 160 AD2d 505, 506 [1st Dept 1990], lv denied 76 NY2d 864 [1990]), defendant's constitutional claims pertaining to any of the alleged Rosario material, his claim that he was deprived of his right to present a defense by the court's limitation of cross-examination of two detectives (see People v Ramos, 125 AD3d 565, 566 [1st Dept 2015]), and defendant's challenges to the prosecutor's summation (see People v Romero, 7 NY3d 911 [2006]; People v Medina, 53 NY2d 951, 953 [1981]). In addition, even if defendant's initial Brady request was sufficiently clear, his Brady claim is not preserved for review because "[t]he record fails to contain any indication that the court ever ruled on defendant's Brady request and defendant failed to raise the issue again" (People v Sebak, 270 AD2d 166, 166 [1st Dept 2000], lv denied 95 NY2d 803 [2000]). We decline to review any of defendant's unpreserved arguments in the interest of justice. As an alternative holding, we reject them on the merits.
Insofar as harmless error analysis is applicable to any of the [*2]foregoing issues, we find that any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's motion to vacate his sentence was properly denied. Assuming, without deciding, that defendant is correct that consecutive sentences would have been illegal, the record does not support his claim that the sentencing court relied on the People's position to the contrary when the court imposed concurrent sentences or that it might have imposed more lenient concurrent sentences in the absence of the People's statement (see People v Anonymous, 156 AD3d 414 [1st Dept 2017], lv denied 30 NY3d 1113 [2018]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023