■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRADLEY and KEITH GADSON, Appellants.—Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Linakis, J.), both rendered August 7, 1986, convicting William Bradley of murder in the second degree (two counts), robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, and convicting Keith Gadson of murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon jury verdicts, and imposing sentences. Presiding Justice Mollen has been substituted for former Justice Weinstein (see, 22 NYCRR 670.2 [c]).

Ordered that the judgments are affirmed.

Viewing the evidence adduced at the trial in a light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the convictions, including the convictions of felony murder and robbery in the first degree.

The defendant Gadson contends that there was insufficient evidence to support his conviction of criminal possession of a weapon in the second degree because there was no evidence offered that he ever possessed the gun or was aware that his codefendant Bradley possessed the gun. The evidence, however, demonstrates that Gadson and Bradley discussed the attempted robbery prior to its commission, and Gadson stood as a lookout while Bradley repeatedly hit the victim about the face and the head with the gun and then shot him in the back of the head. Under these circumstances, the evidence amply supports the jury's finding that Gadson acted in concert with Bradley to possess and use the gun unlawfully against another.

Upon the exercise of our factual review power, we are satisfied that the verdicts were not against the weight of the evidence (CPL 470.15 [5]).

Further, the trial court correctly allowed the People's eyewitness to testify that the defendant Gadson was "high" and that he had offered to sell her pills when she conversed with him earlier on the evening of the crime. That testimony was relevant to complete her narrative of the episode and to establish her ability to identify the defendants (see, People v Gines, 36 NY2d 932). Police Officer Nagel's testimony that the area in which the subject crimes occurred was a "[p]rostitution-prone" location was similarly relevant to the eyewitness's

ability to identify the defendants, and corroborated her claim that she was a prostitute and knew the defendants from the area for a number of years.

The trial court did not err in refusing to allow the jury to consider whether the eyewitness was an accomplice. There is no evidence in the record upon which the jury could reasonably have concluded she participated in the offenses charged or in an offense based on the same or some of the same facts or conduct which constituted the offenses charged (CPL 60.22 [2]; *People v Santana,* 82 AD2d 784).

We have reviewed the defendants' remaining contentions, including those related to their sentences, and find them to be without merit. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.