■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE TERRENCE, Also Known as THEODORE FULTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 15, 1986, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

About 5½ years elapsed between the October 1980 filing of a felony complaint and the May 1986 commencement of the trial, despite the fact that the People declared their readiness for trial on December 22, 1981. However, the defendant, who during the course of this action was the subject of bench warrants extant for a total of over 3½ years, does not challenge on appeal the finding that the People exercised due diligence in attempting to locate him and execute the warrants. Rather, he contends that the Supreme Court, following a hearing conducted in 1986, improperly denied his motion, made before he absconded and renewed after execution of the warrants, to dismiss the indictment because of a claimed violation of his statutory right to a speedy trial (see, CPL 30.30 [1] [a]). We conclude however that no such violation took place.

The Supreme Court ruled that only 176 days of delay were chargeable to the People. In fact, this figure should have totaled only 174 days because the Supreme Court failed to exclude the first day of two separate periods (see, e.g., People v Stiles, 70 NY2d 765; see also, General Construction Law § 20).

We are largely in agreement with the Supreme Court with respect to those periods of delay it did exclude (e.g., delays due to adjournments on consent and certain defense motions [see, CPL 30.30 (4) (a), (b)]), in determining whether the People were actually ready, as required, within the six-month period (see, People v Pappas, 128 AD2d 556). We do, however, agree with the People that they were erroneously charged with 25 days during the pendency of the defendant's second motion for inspection of the Grand Jury minutes. Although the People did not formally respond to the defendant's motion, the record establishes that it was actually under consideration by the court during the additional 25-day period in question, which the court should not have charged to the People (see, CPL 30.30 [4] [a]; People v Heller, 120 AD2d 612).

In light of our determination that the court should have excluded at least an additional 25 days, we need not determine whether it properly excluded a 12-day period in 1981 when the defendant refused to be produced at court from detention for purposes which are not entirely clear (cf., People v Sturgis, 38 NY2d 625; People v Bratton, 103 AD2d 368, affd 65 NY2d 675).

We have considered defendant's remaining claims of error and find them to be either unpreserved for appellate review, without merit, or harmless. Mangano, P. J., Lawrence, Kooper and Harwood, JJ., concur.