■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SHEPHERD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered June 20, 1988, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that the defendant was one of three individuals who participated in the attempted robbery of a car service driver on a Brooklyn street. According to the testimony of an eyewitness to the crime, one of the defendant's accomplices took exception to the fact that the driver of the car service had honked his horn. An altercation ensued during which this same accomplice suggested that the three assailants rob the car service driver. The defendant indicated his assent to the plot, whereupon the third accomplice, the codefendant Anthony Faison, produced a gun which the defendant had earlier seen him purchase. Faison pulled the driver from the car. Thereafter the victim, surrounded by the three assailants but still resisting the robbery attempt, was shot once in the head by the codefendant Faison.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, e.g., People v Herring,* 149 AD2d 731; *cf., People v Torres,* 153 AD2d 911). The defendant, having witnessed Faison's acquisition of the gun just hours earlier, was clearly aware that Faison was armed *(see, People v Whatley,* 69 NY2d 784). Thereafter, he announced his assent to the proposed robbery and positioned himself so as to block the victim's escape route. In short, the evidence was clearly legally sufficient to establish the defendant's accessorial liability *(see, Matter of John G.,* 118 AD2d 646). Moreover, we are satisfied that the jury's verdict is not against the weight of the evidence (CPL 470.15 [5]).

There is similarly no merit to the defendant's argument that he was deprived of a fair trial as a result of the court's refusal to grant his application to sever his trial from that of his codefendant Faison. The decision to sever a case for separate trial rests within the sound discretion of the trial court *(see, People v Mahboubian,* 74 NY2d 174). "Where * * *

the proof against all of the defendants is supplied by the same evidence 'only the most cogent reasons warrant a severance' " (*People v Watts,* 159 AD2d 740, quoting from *People v Bornholdt,* 33 NY2d 75, 87, *cert denied* 416 US 905). In the case at bar, the defendant has failed to make that showing. Indeed, while the defendant objects to his codefendant's use of a prior inconsistent statement of a prosecution witness which reported that the defendant and not the codefendant Faison fired the fatal shot, the admission of this statement did not prejudice the defense, as the trial evidence clearly established that Faison, and not the defendant, was the shooter. Moreover, as the defendant's conviction rested upon the persuasive evidence of his accessorial conduct and not upon any competent evidence identifying him as the shooter, the admission of this statement, for impeachment purposes, in no way contributed to the verdict. In short, the defenses of the two defendants, both of whom sought to discredit the prosecution's primary eyewitness, were not so antagonistic as to warrant separate trials (*cf., People v Cardwell,* 78 NY2d 996).

We have reviewed the defendant's remaining contentions, including those set forth in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.