■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMARIO SHAWN PARKS, Appellant. [608 NYS2d 915] —Judgment unanimously affirmed. Memorandum: We conclude that, based on the evidence, the law and the circumstances of this case viewed in totality, defendant was provided meaningful representation (see, People v Baldi, 54 NY2d 136, 146-147; People v Trait, 139 AD2d 937, lv denied 72 NY2d 867). We further conclude that County Court did not abuse its discretion in denying defendant's motion for a separate trial (see, People v Bornholdt, 33 NY2d 75, 87, cert denied sub nom. Victory v New York, 416 US 905; People v Shepherd, 176 AD2d 766, lv denied 79 NY2d 832). Defendant failed to establish that his defense and codefendant's defense were so antagonistic and in irreconcilable conflict as to require separate trials (see, People v Shepherd, supra; see generally, People v Mahboubian, 74 NY2d 174, 183). Because no objection was made to the People's improper denigration of the defense and use of the term "red herring" (see, People v Clemons, 166 AD2d 363, 366), those errors have not been preserved for our review (CPL 470.05 [2]); we decline to reach them as a matter of discretion in the interest of justice because they did not deprive defendant of a fair trial (see, CPL 470.15 [6]).

We have reviewed defendant's remaining contentions, including those raised *pro se,* and find them to be without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.— Murder, 2nd Degree.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.