■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK J. DENSLOW, Appellant. [630 NYS2d 434] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminally negligent homicide as a lesser included offense of murder in the second degree for caus-

ing the death of a girlfriend by strangulation. Upon our review of the record, we conclude that the verdict is supported by sufficient evidence and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

The most incriminating evidence against defendant consisted of his statements to the police, including his unsolicited statement that the victim had been strangled even though the police had never told defendant how the victim had died. County Court properly concluded that those statements were voluntary and admissible. Defendant was employed as a security guard and was trained and familiar with police procedures.

The court did not abuse its discretion in denying defendant's motion to preclude the testimony of a police officer as a sanction for his destruction of his notes after incorporating them into his official report *(see, People v Wallace,* 76 NY2d 953, 955; *People v Martinez,* 71 NY2d 937, 940; *People v Blackburn,* 214 AD2d 943). The court's decision to give an adverse inference charge was an appropriate sanction under the circumstances of this case *(cf., People v Quiles,* 198 AD2d 448, 449, *lv denied* 83 NY2d 857).

The contention of defendant that he was prejudiced by improper comments by the prosecutor on summation has not been preserved for our review *(see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice because those remarks did not deprive defendant of a fair trial *(see,* CPL 470.15 [6] [a]; *People v Parks,* 199 AD2d 1025, *lv denied* 83 NY2d 808).

The court did not abuse its discretion by its *Sandoval* ruling that defendant could be cross-examined with respect to two prior acts of misconduct, including an uncharged rape and an attempted sodomy. The court determined that the prosecutor would not be allowed to explore the underlying facts and that the People would be bound by defendant's answer.

We reject the contention of defendant that he was denied effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 147).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminally Negligent Homicide.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.