THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH RICHARD, Appellant. [636 NYS2d 352] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered March 1, 1994, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's claim of ineffective assistance of counsel due to his attorney's failure to make a pretrial motion is without merit *(see, People v Rivera,* 71 NY2d 705, 709; *People v Chicas,* 204 AD2d 476). Upon review of the record as a whole, we find that the defendant was not denied meaningful representation *(see, e.g., People v Ransome,* 207 AD2d 504).

Further, while the defendant has a right to be present at all material stages of his trial, the defendant's presence is only required where his absence would have a substantial effect on his ability to defend *(see, People v Robinson,* 203 AD2d 491). Here, the record is not clear as to whether the defendant was present at the side-bar conference requested by his counsel to discuss the admission into evidence of a crime-scene photograph. However, even if the defendant was, in fact, absent from this discussion, his absence did not have a substantial effect upon his ability to defend himself. The photograph depicted the crime scene from the vantage point of the observing officer, who, during the drug transactions at issue, was on a nine-story-high rooftop. It is clear that the defendant's contribution to a discussion of these matters would have been negligible.

We also find that by knowingly consenting, on the record and in writing, to the substitution of a discharged alternate juror for a regular juror who became incapacitated, the defendant waived any objection to that procedure *(see, United States v Baccari,* 489 F2d 274; *cf., People v Ford,* 222 AD2d 451).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.