■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PAGE, Also Known as SEAN VARONE, Appellant. [660 NYS2d 47] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered January 23, 1995, convicting him of robbery in the first degree (four counts), robbery in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The relevant facts of this case are set forth in the decision and order on the appeal of the codefendant Andre Coulter (*see, People v Coulter,* 240 AD2d 756 [decided herewith]).

The defendant's absence from a conference during which the scope of cross-examination of one of the complaining witnesses was discussed did not constitute a denial of his right to be present at trial. A defendant has no right under either CPL 260.20 or the Federal Due Process Clause to be present for sidebar

conferences concerning only matters of law or procedure (*see, People v Rodriguez,* 85 NY2d 586, 591; *People v Roman,* 88 NY2d 18, 27; *People v Velasco,* 77 NY2d 469, 472). As the conference here dealt with legal issues concerning the scope of cross-examination and conflict of interest, the defendant did not have the right to be present at the conference (*see, People v Dickerson,* 87 NY2d 914; *People v Williams,* 222 AD2d 469; *People v Godley,* 176 AD2d 505; *see also, People v Jones,* 213 AD2d 250; *People v Medina,* 208 AD2d 974). The defendant's assertion that his alleged prior knowledge of the complaining witness could have contributed something to the discussion at the conference is speculative (*see, People v Roman, supra,* at 26; *People v Richard,* 222 AD2d 708, 709). In any event, he was present when the defense counsel reargued the issue and he had the opportunity to provide meaningful input regarding the issue at that time (*see, People v Roman, supra,* at 27).

Under the circumstances of this case, the trial court did not improvidently exercise its discretion in electing to give an adverse inference instruction for the People's *Rosario* violation (*see, People v Walker,* 209 AD2d 460; *People v Denslow,* 217 AD2d 947, 948; *People v Alvarez,* 198 AD2d 171, 172). Since the adverse inference instruction was a sufficient sanction, there was no reason to strike the police officer's testimony regarding the documents in question (*see, People v Quiles,* 198 AD2d 448, 449; *People v Denslow, supra*).

The defendant's speedy trial motion was properly denied. As to three of the periods of alleged delay, the defendant failed to exclude the day from which the reckoning was made (*see, People v Stiles,* 70 NY2d 765, 767; *People v Terrence,* 163 AD2d 437; General Construction Law § 20). Thus, the alleged delay totalled 181 days rather than 184 days, requiring the denial of the CPL 30.30 motion (*see, People v Johnson,* 191 AD2d 709, 709-710).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80, 85).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.