■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHON CARTER, Appellant. [706 NYS2d 356] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered August 1, 1997, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court properly denied the defendant's motion to dismiss the indictment pursuant to CPL 30.30. The People were required to be ready for trial within six months after July 24, 1996, a period of 184 days (*see,* CPL 30.30 [1] [a]). A total of 244 days passed before the defendant filed his motion to dismiss. The defendant concedes that 50 of those days are not chargeable to the People. In addition, the Supreme Court correctly concluded that the 13-day period from October 31, 1996, to November 13, 1996, was excludable. The transcript of the appearance on October 31, 1996, indicates that the defense counsel sought time to prepare an unsealing order for the file in another case in which the defendant had been the complainant, since that file possibly contained *Brady* material (*see, Brady v Maryland,* 373 US 83; CPL 30.30 [4] [a], [b]). Because at least 63 days are excludable, the delay did not exceed the time limitation. It is therefore unnecessary for us to determine whether the Supreme Court properly excluded other time periods challenged by the defendant (*see, People v Terrence,* 163 AD2d 437, 438).

The defendant's remaining contentions are without merit. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.