SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

338

KA 11-02070

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V

MEMORANDUM AND ORDER

KYLA A. ROGALSKI, DEFENDANT-RESPONDENT.

---

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR APPELLANT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), dated July 11, 2011. The order, insofar as appealed from, dismissed count three of the indictment.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law, that part of defendant's omnibus motion seeking to dismiss count three of the indictment is denied and that count is reinstated.

Memorandum: The People appeal from an order insofar as it granted that part of defendant's omnibus motion seeking to dismiss count three of the indictment, charging defendant with endangering the welfare of a child (Penal Law § 260.10 [1]). Based on our review of the sealed grand jury minutes, we conclude that the evidence before the grand jury was legally sufficient to support a prima facie case of endangering the welfare of a child. "A person is guilty of [that crime] when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (*id.*). "Actual harm to the child need not result for criminal liability [to be imposed. Rather,] it is 'sufficient that the defendant act in a manner which is *likely* to result in harm to the child, *knowing* of the likelihood of such harm coming to the child' " (*People v Johnson*, 95 NY2d 368, 371, quoting *People v Simmons*, 92 NY2d 829, 830 [emphasis added]). We conclude that the evidence presented to the grand jury, "viewed in the light most favorable to the People, if unexplained and uncontradicted, [was] sufficient to warrant conviction by a trial jury" of the count charging defendant with endangering the welfare of a child (*People v Manini*, 79 NY2d 561, 568-569; *see People v Pelchat*, 62 NY2d 97, 105), based on a determination that defendant's conduct was likely to be injurious to the physical welfare of the subject child.

All concur except CENTRA, J.P., and LINDLEY, J., who dissent and vote to affirm in the following Memorandum: We respectfully dissent and would affirm the order granting that part of defendant's omnibus

motion seeking to dismiss count three of the indictment, charging her with endangering the welfare of a child (Penal Law § 260.10 [1]). "A person is guilty of [that crime] when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (*id.*). We conclude, and the majority apparently does not dispute, that the evidence before the grand jury, viewed in the light most favorable to the People (*see People v Manini*, 79 NY2d 561, 568-569; *People v Pelchat*, 62 NY2d 97, 105), did not establish that defendant's conduct was likely to be injurious to the mental or moral welfare of the infant child in question (*cf. People v Engelsen*, 92 AD3d 1289, ___). Contrary to the conclusion of the majority, we further conclude that the evidence before the grand jury did not establish that defendant's conduct was likely to be injurious to the physical welfare of the child. "The People . . . must establish that the harm was likely to occur, and not merely possible" (*People v Hitchcock*, 98 NY2d 586, 591). Here, the police approached defendant's vehicle after she made a wide turn and stopped in a parking lot, and she thereafter was charged with, inter alia, aggravated felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [b]; § 1193 [1] [c] [i] [B]). We conclude that the evidence before the grand jury was legally insufficient to establish that " 'defendant act[ed] in a manner which is *likely* to result in harm to the child' " (*People v Johnson*, 95 NY2d 368, 371, quoting *People v Simmons*, 92 NY2d 829, 830 [emphasis added]). We reject the People's contention that a defendant's conduct in driving while intoxicated with a child in the vehicle, by itself, is enough to support a charge of endangering the welfare of a child (*see generally People v Chase*, 186 Misc 2d 487, 489, *lv denied* 95 NY2d 962).

Entered: March 23, 2012                           Frances E. Cafarell
                                                  Clerk of the Court