Appeal from a judgment of the Supreme Court, Erie County (M. William Boiler, A.J.), rendered November 10, 2016. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree and endangering the welfare of a child (two counts).
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).
 

 Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of manslaughter in the second degree (Penal Law § 125.15 [1]), and two counts of endangering the welfare of a child (§ 260.10). The conviction arises from an incident occurring at 1:30 p.m. on October 8, 2015 in which defendant, while driving his pickup truck, collided with the back of a tractor-trailer that was being driven slowly, partially on the shoulder of a road in Erie County. The collision resulted in the death of defendant’s four-year-old son, who was in the front center seat of the truck, and injuries to defendant’s eight-year-old niece, who was in the front passenger seat. Neither child was in an appropriate child safety restraint.
 

 Defendant contends that the evidence is not legally sufficient to establish that he had the requisite mens rea of recklessness to support the manslaughter conviction. We reject that contention, and we conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction.
 

 Insofar as relevant here, “[a] person acts recklessly with respect to a result or to a circumstance . . . when he [or she] is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto” (Penal Law § 15.05 [3]). Thus, pursuant to that statute, “[a] person who fails to perceive a substantial and unjustifiable risk by reason of his [or her] intoxication acts recklessly rather than with criminal negligence” (People v Elysee, 12 NY3d 100, 105 [2009]; see People v Bruno, 127 AD3d 1101, 1102 [2d Dept 2015], lv denied 25 NY3d 1199 [2015]; People v Walker, 58 AD2d 737, 737-738 [4th Dept 1977]). Furthermore, “[d]rugs have been recognized as a cause of voluntary intoxication” (People v Morton, 100 AD2d 637, 638 [3d Dept 1984]; see People v Heier, 90 AD3d 1336, 1336-1337 [3d Dept 2011], lv denied 18 NY3d 994 [2012]).
 

 Here, the evidence at trial, viewed in the light most favorable to the People, established that defendant drove his pickup truck while he had significant quantities of methamphetamine in his system. Furthermore, his son and niece were also in the front seat and, although both were of an age that required child or infant safety restraints (see Vehicle and Traffic Law § 1229-c [2]), neither was in the requisite restraint. A witness testified that, prior to the collision, defendant’s “pickup truck flew past [him] and was very close to [his] vehicle,” that shortly thereafter the pickup truck made an unnecessary abrupt maneuver that almost caused it to hit the guardrail, and that the collision took place within minutes thereafter. The People also established that the collision occurred in the early afternoon of a sunny day, and that defendant’s vehicle was being driven partially on the shoulder of the road when it struck the rear of the tractor-trailer, which was 13 feet tall and had moved mostly onto the shoulder of the road to make a right turn while allowing other vehicles to pass it. The pickup truck’s data recorder indicated that the brakes were applied for one or two seconds prior to impact, but there were no skid marks on the road, and the pickup truck was going approximately 52 miles per hour at the time of impact. Defendant’s pickup truck hit the trailer with enough force that it bent the steel ICC bumper on the back of the trailer, and the pickup truck continued to travel forward after that impact until it struck the trailer’s rear wheels, ending up with the front of the pickup truck wedged up to its dashboard, under the trailer. Defendant denied ingesting any legal or illegal drugs, and told the police that his son was seated in an infant seat in the back of the truck, contrary to the evidence establishing that the child was removed from the front center seat of the pickup truck. Based on our review of the record, we conclude that the evidence is legally sufficient to establish that defendant acted recklessly (see generally People v Goldblatt, 98 AD3d 817, 819-820 [3d Dept 2012], lv denied 20 NY3d 932 [2012]), and that he endangered the welfare of the children (see generally People v Rogalski, 93 AD3d 1322, 1322-1323 [4th Dept 2012]; People v Walcott, 43 Misc 3d 141[A], 2014 NY Slip Op 50817[U], * 2 [App Term, 2d Dept, 9th & 10th Jud Dists 2014], lv denied 23 NY3d 1069 [2014]).
 

 Contrary to defendant’s further contention, viewing the evidence in light of the elements of all of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Issues of credibility and the weight to be accorded to the evidence are primarily for the jury’s determination (see People v Hernandez, 288 AD2d 489, 490 [2d Dept 2001], lv denied 97 NY2d 729 [2002]; see also People v Lewis, 151 AD3d 1727, 1728 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010]), and we perceive no reason to disturb the jury’s determinations with respect thereto.
 

 Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.