People v Dillard (2019 NY Slip Op 07602)





People v Dillard


2019 NY Slip Op 07602


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10655
 (Ind. No. 3492/14)

[*1]The People of the State of New York, respondent,
v
Anthony Dillard, appellant.


Robert D. Siano, White Plains, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Howard B. Goodman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered August 31, 2016, convicting him of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In April 2013, Christina Johnson, Gileinis Izepia, and Tajaee Spencer were working as prostitutes. All three women had previously worked for the victim, Isidro Walters, who ran a prostitution business out of his apartment. Spencer and Johnson eventually began working for the defendant, who would allow them to use his apartment for a fee. On April 15, 2013, Johnson and Izepia decided they no longer wanted to work for the victim and went to his apartment to gather their belongings. Later that day, they met up with Spencer, the defendant, Andy Borgella (hereinafter the codefendant), and others, at which time the parties formulated a plan to rob the victim. The plan was for the codefendant and another individual, while keeping a phone line open to the other participants, some of whom were in the defendant's car, to pose as customers to gain entry into the victim's apartment, and when the codefendant and the other individual uttered a code word, the other participants would run upstairs and rob the apartment. The defendant drove some of the participants, including Spencer, Izepia, Johnson, and the codefendant, to the victim's apartment. While the two men were inside the apartment, the victim was shot and killed. Thereafter, the defendant drove Spencer, Izepia, Johnson, and the codefendant to his home.
The defendant, the codefendant, and Spencer were charged by joint indictment with murder in the second degree (felony murder), attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the second degree (two counts). Spencer, Johnson and Izepia, who were charged separately, pleaded guilty and entered into cooperation agreements with the prosecution. Following a jury trial, the defendant and the codefendant were found guilty of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree. The defendant was sentenced on August 31, 2016, and appeals from the judgment of conviction.
The defendant's contention that his convictions of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree were not supported by legally sufficient evidence is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492; People v Easley, 171 AD3d 785, 785). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Danielson, 9 NY3d 342, 349), we find that it was legally sufficient to establish that the defendant, acting in concert with the codefendant and the other participants, attempted to rob the victim and that, in furtherance of the robbery, the victim was shot and killed (see Penal Law §§ 20.00, 110.00, 160.15[2]; 125.25[3]; People v Gajadhar, 38 AD3d 127, 135, affd 9 NY3d 438). Additionally, we find that the evidence was legally sufficient to establish that the defendant, acting in concert with the other participants, knowingly possessed a loaded firearm (see Penal Law §§ 20.00, 265.03[1][b]; People v Hoke, 114 AD3d 538, 538; People v Shepherd, 176 AD2d 766, 766; People v Bradley, 150 AD2d 592, 592). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see id. at 644).
Contrary to the defendant's contention, the testimony of his accomplices was sufficiently corroborated by evidence of calls made between the defendant and the codefendant on the night of the attempted robbery and evidence that the defendant purchased latex gloves prior to the robbery (see People v Cortez, 81 AD3d 742, 742; People v Rivera, 74 AD3d 993, 994). Additionally, the defendant admitted to a detective that he purchased the latex gloves to avoid leaving fingerprints, drove the participants to the victim's apartment, and drove them home after the victim was shot and killed. Although the defendant claimed that he was unaware of the plan to rob the victim, that he withdrew from the robbery, and that he purchased the gloves for his job, the jury was free to accept so much of the defendant's testimony as it found credible and reject the balance (see People v Gage, 259 AD2d 837, 839-840).
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in admitting evidence of prior uncharged crimes involving the defendant's engagement in the business of prostitution, as it completed the narrative, explained the relationships between the defendant, Johnson, Izepia, and Spencer, and was also relevant to establish a possible motive for the defendant's participation in the robbery (see People v Morris, 21 NY3d 588, 594; People v Bittrolff, 165 AD3d 690, 691; People v Wisdom, 164 AD3d 928, 930). The probative value of the evidence outweighed any prejudice to the defendant (see People v Bittrolff, 165 AD3d at 691; People v Wisdom, 164 AD3d at 930). Moreover, the court's limiting instruction to the jury "was sufficient to avert any potential prejudice" (People v Wisdom, 164 AD3d at 930; see People v Bittrolff, 165 AD3d at 691; People v Reddick, 104 AD3d 708, 708).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109;see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court