People v Smith (2024 NY Slip Op 00544)

People v Smith

2024 NY Slip Op 00544

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

934 KA 22-01743

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONIA M. SMITH, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH, FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered July 19, 2022. The judgment convicted defendant, upon a nonjury verdict, of manslaughter in the second degree, vehicular manslaughter in the second degree and reckless endangerment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a nonjury verdict, of manslaughter in the second degree (Penal Law § 125.15 [1]), vehicular manslaughter in the second degree
(§ 125.12 [1]), and reckless endangerment in the second degree
(§ 120.20).
Defendant contends that the People failed to lay a proper foundation for the admission of her blood test results because they were unable to establish that the blood test kit used to administer the blood draw had not expired. We reject that contention. Here, although the blood test kit did not contain an expiration date, the People provided, through the testimony of the toxicologist who tested the blood sample, " 'reasonable assurance of the identity and unchanged condition of the evidence' " (People v Hagin, 238 AD2d 714, 716 [3d Dept 1997], lv denied 90 NY2d 894 [1997]; see generally People v Yocher, 197 AD2d 890, 890-891 [4th Dept 1993], lv denied 82 NY2d 905 [1993]).
Defendant further contends that County Court abused its discretion in denying her motion insofar as it sought to preclude the blood test results based upon the loss or destruction of Rosario material consisting of the blood test kit instructions. We reject that contention. "It is well settled that 'nonwillful, negligent loss or destruction of Rosario material does not mandate a sanction unless the defendant establishes prejudice' " (People v McFadden, 189 AD3d 2086, 2088 [4th Dept 2020], lv denied 36 NY3d 1099 [2021], quoting People v Martinez, 22 NY3d 551, 567 [2014]). "If prejudice is shown, the choice of the proper sanction is left to the sound discretion of the trial judge, who may consider the degree of prosecutorial fault
. . . The focus, though, is on the need to eliminate prejudice to the defendant" (Martinez, 22 NY3d at 567; see People v Brown, 148 AD3d 1547, 1548 [4th Dept 2017], lv denied 29 NY3d 1090 [2017]). Here, we conclude that the court did not abuse its discretion in denying defendant's motion insofar as it sought to preclude the blood test results and instead granting the motion insofar as it sought, in the alternative, an adverse inference (see generally People v Brown, 148 AD3d 1547, 1548 [4th Dept 2017], lv denied 29 NY3d 1090 [2017]; People v Denslow, 217 AD2d 947, 948 [4th Dept 1995], lv denied 87 NY2d 900 [1995]).
Defendant contends that her conviction for manslaughter in the second degree is based upon legally insufficient evidence because the People failed to establish recklessness. We reject that contention. Under the Penal Law, a person is guilty of manslaughter in the second degree [*2]when they "recklessly cause[ ] the death of another person"
(§ 125.15 [1]). Insofar as relevant here, "[a] person acts recklessly with respect to a result or to a circumstance . . . when [the person] is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto"
(§ 15.05 [3]). "Thus, pursuant to that statute, [a] person who fails to perceive a substantial and unjustifiable risk by reason of [their] intoxication acts recklessly rather than with criminal negligence" (People v McCabe, 155 AD3d 1572, 1573 [4th Dept 2017], lv denied 30 NY3d 1117 [2018] [internal quotation marks omitted]).
Here, the evidence at trial, viewed in the light most favorable to the People (see People v Danielson, 9 NY3d 342, 349 [2007]), established that defendant drove her vehicle with over twice the legal limit of alcohol in her system. Furthermore, a witness testified that, prior to the collision, defendant's vehicle drove so far over the center yellow line that he had to maneuver his UPS truck off onto the shoulder of the road to avoid a head-on collision. The People also established that the collision occurred in the early afternoon of a sunny day and that defendant's vehicle was being driven partially over the center line when it struck the victim, who was over six feet tall and wearing a bright green reflective vest. The People's reconstruction expert testified that defendant's vehicle was driving between 47 and 49 miles per hour and that it struck the victim with such force that he was propelled 57 feet in the air before landing. Thus, the evidence is legally sufficient to establish that defendant acted recklessly (see McCabe, 155 AD3d at 1573-1574; People v DeLong, 269 AD2d 824, 824-825 [4th Dept 2000], lv denied 94 NY2d 946 [2000]; see also People v Peryea, 68 AD3d 1144, 1146-1147 [3d Dept 2009], lv denied 14 NY3d 804 [2010], reconsideration denied 14 NY3d 843 [2010]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court